Opinion op the Court, bv
Judge Mills.
THIS is an action for malicious prosecution. At the first term that the defendant appeared, he moved for and obtained a continuance, and at the same term-there were noted on the record, two pleas, one the general issue, and the other a special plea of justification. To the second a replication was made by the plaintiff, at that term; but to the first there was no joinder. At the next term, the counsel for the defendant below moved for leave to withdraw the plea of not guilty, and fin support of his motion, disavowed any authority from him to file it, and it was not in his handwriting. He deposed he did not know by whom it was filed, and when he discovered it was filed at the previous term, he gave notice to'the plaintiff’s counsel not to join it, and disavowed the act of filing it. It appeared, that at the previous'term, a junior member of the bar, who was not present at the next term, determined to present his sérvices in the cause as a volunteer, and so expressed himself to the regular counsel employed by the defendant, and'that the regular counsel then requested him to write' pleas, and he accordingly wrote the general issue and a special glea, and they were then shown to the regular counsel, who disapproved of them, and wrote and filed,, himself, the .special plea now in the cause. The general issue appeared to be in the hand-writing of this junior volunteer counsel.
The court below'’ refused to let the general issue be withdrawn, and permitted- the plaintiff to join it, and the trial progressed.■' A verdict and judgment were’ given against the defendant, and he has appealed to this, court.
If the counsel whom the defendant had regularly employed, and who was responsible for the management oftlie cause, had filed this plea, or if he had assented to its being filed; or if, not being filed by him, he had after-wards acquiesced in its remaining in the cause, we should have no hesitation in saying, according to well settled principles, that he ought not to be permitted to withdraw *335 it; for having, by once filing or approving it, yielded the right of opening and concluding the cause, to his adversary,-he ought not to be permitted to resume it. But, as he -did neither approve of the plea nor acquiesce in its being filed, we can perceive no good reason for holding him to a plea to which he had never assented.
The only grounds which can be plausibly relied on, in support of the decision below, are, that the plea was suffered to remain in the cause for one vacation, or that the acts of the unemployed counsel could bind the defendant. As to the first ground, it is completely obviated by the notice given to his adversary, at the first term, that he disavowed it. As to the second ground, We are by no means disposed to admit, that the mere volunteer, who was not recognized by the defendant below, now appellant, could prejudice his rights, or that he ought to be bound by them. The decision of the court below on this point is, therefore, erroneous.
A new trial was moved-for and overruled, and this is assigned for error. Although the evidence appearing in the record does not appear very favorable to support such an action, which must always have malice as one ingredient, and even if malice exists, the action cannot be supported, when probable grounds for the prosecution existed; yet, as there is no statement that the bill of exceptions contains the whole evidence, we forbear saying any thing further on the merits of the controversy.
The judgment must be reversed with costs, and the verdict set aside, and the cause be remanded for new proceedings, and leave there given to withdraw the general issue, and for such other proceedings as may not be inconsistent with this opinion.