Scott, J.
The cases heretofore decided by this court, have settled, that one who has formed and expressed a detided opinion as to the guilt or innocence of the accused, is • , , . . . . , , not a competent juror; and that it is not material, whether that opinion be founded on the evidence of witnesses whose testimony lie may have heard, upon another trial, or conversations with witnesses, or common report; it is enough, that the opinion is a decided one, and has been expressed. The expression of an opinion goes far to shew that it is a decided one. It is, in general, not so readily abandoned as one which never has been avowed. No case, however, has gone the length of deciding, that an opinion, however deliberately it may have been formed, and however decided its character, is not a disqualification, unless it has been expressed. Nor does the court think it necessary to give any opinion on that question on the present occasion ; being unanimously of opinion, that the impressions of the juror, in this case, were not of that deliberate and decided character which is necessary to disqualify a juror. He stated, that his opinion was hypothetical, and although he did not doubt the truth of what he had heard, yet; if the evidence turned out otherwise, he had no doubt but that he would be able to decide according to the evidence, without being in any degree influenced by the impressions made on his mind by what he had heard. An opinion, which is declared by the party entertaining it, to be hypothetical, one which will not in any degree influence his decision, cannot be a decided one; it cannot have been formed on deliberation.
Writ of error denied.