CASE 100—PETITION ORDINARY—FEBRUARY 4.

# Duncan, Trustee, v. Griswold, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. MALICIOUS PROSECUTION OF CIVIL ACTION.—One can not maintain an action for the malicious prosecution of either a civil or criminal proceeding to which he was not a party.

2. SAME.—In an action for malicious prosecution the want of probable cause must be stated in the petition in some form of substantive averment, or at least be shown clearly.

3. SLANDER OF TITLE.—Where a creditor has a judgment for the sale of his debtor's interest in real property he may, in good faith, assert his right to have the property sold under the judgment without subjecting himself to an action for slander of the title of an adverse claimant.

BLANTON DUNCAN FOR APPELLANTS.

1. The jurisdiction of the court by which a judgment is rendered in any State may be questioned in a collateral proceeding in another State. (Thompson v. Whitman, 18 Wall., 457; Knowles v. Gaslight Co., 19 Wall.; Kerr v. Condy, 9 Bush, 872; Ferguson v. Crawford, 70 N. Y., 257; People v. Baker (N. Y.), 19 Law Journal, 200; Pennywit v. Foote, 27 Ohio St., 600; Jardine v. Reichert, 39 N. J. Law, 167; Borden v. Fitch, 15 John., 121; Starbuck v. Murray, 5 Wend., 148; Shumway v. Stillman, 6 Wend., 447; Kerr v. Kerr, 47 N. Y., 272; Hoffman v. Hoffman, 46 N. Y., 30; Phelps v. Duffy, 11 Nev., 80.)

2. The insufficiency of the service of process rendered utterly void and of no effect all proceedings had under it. (Loughridge v. City of Huntington, 56 Ind., 260; Nall v. Combs, 1 J. J. Mar., 324; Thruston v. Martinson, 4 Dana, 127; Berryman v. Mullins, 8 B. M., 154; Jackson v. Speed, 2 Duv., 428; Brownfield v. Dyer, 7 Bush, 504; Galpin v. Page, 18 Wall., 350.)

3. An attachment issued before the legal technical beginning of the action is void, and a sale under it confers no rights on the purchaser. (Kellar v. Stanley, 86 Ky., 247.)

4. The attachment being without legal authority all proceedings under it were void. (Earl v. Matheny, 60 Ind., 202; Barkelor v. Randall, 4 Blackf., 278.)

5. The attorney is liable jointly with his client for the malicious procurement of an order of attachment. (Wood v. Weir, 5 B. M., 550; Fortman v. Rother, 8 Ohio St., 348; note to Williams v. Hunter, 14 Am. Dec., 600; Lawrence v. Hagerman, 56 Ill., 79.)

6. The plaintiffs have a cause of action for the slander of their title. (Heard on Libel and Slander, sec. 10, p. 59, et seqr.; Feiten v. City of Milwaukee, 47 Wis., 498; Meyrose v. Adams, 12 Mo. App., 329; Akerly v. Vilas, 23 Wis., 167.)

O'NEAL, JACKSON & PHELPS OF COUNSEL ON SAME SIDE.

W. O. HARRIS FOR APPELLEES.

1. No action can be maintained to recover damages resulting from the bringing of a civil suit unless there was both malice and want of probable cause. (Cox v. Taylor, 10 B. M., 20; Hilliard on Torts, vol. 1, chap. 16, sec. 11.)

2. The petition is defective in failing to allege a termination in plaintiff's favor of the legal proceedings complained of. (Wood v. Laycock, 3 Met., 194.)

3. The amended petition does not state a cause of action. It is always lawful for a man to assert his own title. (Odgers on Libel, p. 109.)
    To sustain an action for slander of title there must be a want of probable cause. (Bailey v. Dean, 5 Barb., 301.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, M. M. Griswold and the Citizens' National Bank, having each recovered in this State judgment for debt against Blanton Duncan, instituted October 9, 1887, actions in the circuit court of Clark county, State of Indiana, to subject for satisfaction thereof his alleged interest in certain real property situated therein, and obtained judgments *in rem* sustaining attachments that had been levied, and for sale of said interest; but though a sale was advertised by the proper officer, it does not appear from the record before us to have been made.

This action was instituted November 30, 1889, by Blan-

ton Duncan, trustee, under the will of Garnett Duncan, Thomas A. Lewis, trustee of Kate D. Lewis, his wife, and Thomas D. and Kate D. Lewis, in *propria persona*, to recover of appellees, sued jointly, damages alleged to have been sustained by Kate D. Lewis, owner of the property attached, because as stated the judgment in favor of appellees and advertisement of sale under it of the property, as belonging to Blanton Duncan, "were calculated to make, and in fact did make on the minds of persons residing in said State of Indiana and familiar with the law thereof, the impression that said Blanton Duncan, individually, had been adjudged and declared by said court in some proper and legal proceeding to have and be vested with some sort of title to the whole of said land;" and by reason of the cloud on her title thus caused she was prevented selling the property at a price she could and would have obtained, and compelled to accept less than its value.

It is well settled that a party may maintain an action on the case and recover damages as well on account of a civil action as a criminal proceeding prosecuted against *him* maliciously and without probable cause. But, although it is alleged in this case the actions of appellees against Blanton Duncan were instituted and prosecuted in the Indiana court maliciously, the petition does not contain an averment in terms or substance of the want of probable cause, and consequently is defective; for as said in Cox v. Taylor, 10 B. M., 17, the want of probable cause for instituting an action must be stated in some form of substantive averment, or at least be shown clearly in the petition.

It appears from the petition and exhibits filed that the

property mentioned was devised by Garnett Duncan to his son, Blanton, as a trustee, for his use and support for life, and at his death to be equally divided among his children. But the provisions of the will were, in 1875, renounced by Blanton Duncan, which, it may be assumed, had effect to vest the property in his two surviving daughters, one having previously died. Afterwards, but before appellees commenced the actions complained of, another one of them died childless and intestate; consequently, according to the law of descents in this State, Blanton Duncan became owner of one-half and his daughter, Kate D. Lewis, the other half of the property. But it is stated in the petition that, according to law of Indiana, Kate D. Lewis, upon the death of her sister, inherited the whole to exclusion of her father. Whether such is the actual status of the title to the property under the Indiana statutes might depend upon the intention of the testator judicially ascertained and determined. But even if we were authorized in the absence of such judicial decisions to accept as true the statement in the petition, as to the construction and effect of the will according to the law of that date, it would not be sufficient to negative probable cause for the actions of appellees, especially in view of a voluntary conveyance by Blanton to Kate D. Lewis, made a few days after those actions were commenced, evidently with a view to effectually thwart their attempts to subject his interest to payment of their debts.

There is no question made of the justice of appellees' debts; nor does Blanton, sole defendant of the actions in Indiana, state whether he was wronged or injured thereby, or seek recovery in his own behalf. But damage

is alleged to have been done to, and recovery in this action is asked for, or by, Kate D. Lewis only, who was no party to the actions complained of, and could not thereby have been put to any cost or expense, or deprived of any right or interest in the property. We know of no principle upon which a person may maintain an action for malicious prosecution of either a civil or criminal proceeding to which he was no party, nor have we been referred to any adjudged case where such action has been successfully maintained. It would indeed be a hard rule to expose a creditor, seeking to subject supposed interest of his debtor in property, to an action for malicious prosecution instituted by every adverse claimant, though not a party to the proceeding complained of, nor prejudiced as to any legal right or interest he may have.

We think the demurrer to the original petition was therefore properly sustained. But an amended petition was tendered, and the second question presented is whether the court properly overruled the motion to file it. In it the allegation is made in substance, that while Kate D. Lewis, or her trustees for her, were engaged in negotiations for sale of the property in question, appellees spoke in the hearing of persons about to purchase, the words: "Don't buy any of that Duncan land; our attachments and order of sale bind it so that they can't make a good title to it, and in a little while now we are going to have it sold and every dollar that you put into it will be sunk."

Assuming, as must upon motion to file the pleading be done, that the words were spoken as set out, still having been made in connection with the actions of appellees then pending against Blanton Duncan, and the judgment

in their favor for sale of the same property, they amounted to no more than an assertion of their real or supposed right to subject it, or his interest in it, to pay their debts, and are consequently not to be regarded as ·slander of Kate D. Lewis' title. (Odgers on Libel and Slander, 132.)

For if a person may set up a claim of ownership to real property, in opposition to that of an adverse claimant, without subjecting himself to an action for slander of the title of such adversary, we see no reason why a judgment creditor may not, with the same impunity, assert in good faith his right to have real property, or his debtor's interest in it, sold under a judgment rendered for that purpose, even if such assertion is made in opposition to the title claimed by another. In this case the purpose of appellees, as substantially announced, was to secure a fair sale under judgment of their debtor's interest in the property, which might have been hindered or prevented by an absolute sale by Kate D. Lewis to third persons, not informed of pendency of their actions for that purpose, which was entirely legitimate. On the other hand, to hold that Kate D. Lewis, or her trustees, may maintain their action for slander of her title, when they might by becoming parties to the actions of appellees, or by another action, have obtained a judicial determination of their respective rights, it seems to us, would be a perversion of the object of legal remedies, and expose judgment creditors to useless and harassing litigation.

We think no cause of action was stated in either the original or amended petition, and the judgment dismissing the action is affirmed.