### BREATHWIT *v.* ROGERS.

#### Opinion delivered February 27, 1897.

MALICIOUS PROSECUTION—WHO MAY BRING.—One who intervenes in an attachment suit to claim the property attached cannot sue the attachment plaintiff for a malicious prosecution.

Appeal from Cleveland Circuit Court.

MARCUS L. HAWKINS, Judge.

*W. S. Amis* for appellant.

Applying the test laid down in Jaggard, Torts, p. 603, appellee has no standing in court. The original suit must be terminated. *Id.* p. 610; Drake on Att. sec. 730; 14 Am. & Eng. Enc. Law, p. 28. The plaintiff must have been the defendant in the original proceeding. Jaggard, Torts, p. 612; 18 S. W. Rep. 354. See 2 El. & Bl. 216; 91 Ky. 135; 15 S. W. Rep. 60; *ib.* 57. What Breathwit said or did was not an injury to her title. 18 S. W. Rep. 354. Each of the instructions given for plaintiff were erroneous and prejudicial. The jury should decide the question of malice. 32 Ark. 175; 37 *id.* 163; 33 *id.* 321. Malice is an essential element, and must be alleged and proved. Want of probable cause without malice is not sufficient. Jaggard, Torts, p. 624; 37 Ill. App. 28; 10 So. Rep. 865; 2 Q. B. 718; 14 Am. & Eng. Enc. Law., p. 61; 19 S. W. Rep. 71.

*Met L. Jones* for appellant, also.

Malice and want of probable cause both must exist.
Probable cause is a mixed question of law and fact, and
may reasonably be left to the jury. When a party has
a good cause of action, and prosecutes it under process
from a court of competent jurisdiction, there is no pre-
sumption of malice. 33 Ark. 316; 32 *id.* 166; 59 Ill. 68.
An action will not lie for levying on real estate, where
there is no ouster, and no disturbance of possession.

*D. H. Rousseau* for appellee.

In order to maintain an action for maliciously attach-
ing the plaintiff's goods, it is not necessary to prove
that defendant, in suing out the attachment, acted dis-
honestly, or with actual malice. If there was no
probable cause, the jury may presume malice. 32 Ark.
166; 37 *id.* 160; 32 *id.* 770; 2 Green. Ev. sec. 456. In
seeking advice of counsel, one must act honestly, and
act upon the advice given, and must make a full state-
ment. 32 Ark. 166; 81 Ala. 220; 71 Ill. 475; 50 Mo. 83;
12 Pick. (Mass.) 324.

BATTLE, J. Mrs. Rogers sued William Breathwit
for damages which were alleged to be the result of a
malicious prosecution without probable cause. Her
action was founded upon the following facts: On the
23d of May, 1893, William Breathwit instituted an
action, in the Cleveland circuit court, against Jerry M.
Lacy, and sued out an order of attachment, directed to
the sheriff of Cleveland county, commanding him to
attach and safely keep the property of the defendant,
Lacy, and to summon Michael Lavelle and Bettie La-
velle as garnishees. In obedience to this order, the
sheriff levied upon certain real estate, and summoned
Michael and Bettie Lavelle as garnishees. On the 6th
of June, 1893, Mrs. Rogers instituted this action; and
on the 14th of the same month filed a complaint in the

action against Lacy, and claimed the real estate which was attached as the property of Lacy; and, on the 27th of July following, the real estate was adjudged by the court to be her property; and, on the same day, the garnishees, in answer to interrogatories propounded to them, said that they, or either of them, were not indebted to Lacy in any sum, and had no property of his in his or her possession or control. It does not appear that Breathwit was dissatisfied with their answers, or instituted any further proceeding against them.

Upon this statement of facts, Mrs. Rogers was not entitled to recover in the action instituted by her against Breathwit, for the reason that he had not instituted any malicious prosecution against her. He did not make her a party to the action against Lacy. Not being a party to it, she could not have been affected by it until she made herself a party to it by claiming the property attached; and she did not make him liable for a malicious prosecution without probable cause by her own conduct. *Duncan* v. *Griswold* (Ky.), 18 S. W. Rep. 354; Jaggard, Torts, p. 612. The proceeding against the garnishees amounted to nothing more than an inquiry, as it was not prosecuted further after their answers.

The judgment of the circuit court is therefore reversed, and final judgment will be entered in favor of defendant.