CASE 74.—ACTION BY JONES SCHOOLER AGAINST W. P. YANCEY AND ANOTHER FOR FALSE IMPRISON-MENT.—May 5, 1909.

# Schooler v. Yancey

Appeal from Owen Circuit Court.

J. W. CAMMACK, Circuit Judge.

From a judgment of dismissal on demurrer, plaintiff appeals.—Affirmed.

1. Pleading—Defects—Waiver.—Under Civ. Code Prac. Sec. 93, defining a general demurrer as an objection to a pleading be-cause it does not state a cause of action, and providing that a failure to make such objection is not a waiver thereof, a defendant answering to the merits without first having his general demurrer to the petition disposed of does not waive the defects in the petition.

2. Evidence—Presumptions—Discharge of Official Duty.—In the absence of a showing to the contrary, the presumption is that a warrant issued by the judge of the county court was regular, and that the judge discharged his duty with refer-ence thereto.

3. Pleading—Sufficiency—Conclusions.—A petition in an action for false imprisonment, which shows that plaintiff was ar-rested under a warrant issued by the judge of the county court, but which fails to allege that the judge issued the warrant without information on oath or without affidavit filed showing the nature of the offense, or that the judge did not have personal knowledge of the commission of the offense charged, but which merely avers that the judge, "without probable cause or any cause," issued the warrant, etc., does not allege that the warrant was illegally issued; the quoted averment being a mere conclusion of the pleader.

4. Pleading—Conclusions.—A petition in an action for false im-prisonment, which shows that plaintiff was arrested on a war-rant issued by defendant as judge of the county court, and which avers, with reference to an examining trial, that there was no testimony heard by the judge tending to show that any act was done or omitted by plaintiff since the law al-leged to have been violated by nim went into effect, and that though not proven guilty, defendant as judge had required of plaintiff excessive bail, etc., states only a conclusion of the pleader, and does not allege any wrongful conduct of defendant.

5.  False Imprisonment—Petition—Sufficiency.—A petition in an
action for false imprisonment which alleges that defendant
as judge of the county court required excessive bail of plain-
tiff, and refused to permit third persons to sign to a bond,
and that plaintiff was committed to jail, but which fails to
allege that the third persons authorized any one in writing
to sign their names to the bond as required by Ky. St. Sec.
482, is insufficient for failing to allege that the third persons
executed a power of attorney  authorizing some one to sign
their names to the bond and to file the power.

JAMES H. SETTLE for appellant.

False imprisonment consists in the total or substantially total
restraint of a man's freedom without authority of law either by
actual froce or by show of authority "Hale 121, Jaggard, 41." The
judge is liable alone when having jurisdiction he acts under cir-
cumstances rendering his act improper.   That one   can be com-
mitted to jail guiltless of crime, or if guilty, denied bail in viola-
tion of law is not only an innovation but a travesty on justice.

### AUTHORITIES CITED.
Reynolds v. Price, 22 Ky. page 5; A. & E. Encyclopedia Vol.
7, pp. 661-62, 63 and 64; Jaggard on  Torts, Vol. 1 page 418;
Southerland on Damages Vol 4 Sections 1257-8; Revill v. Pettit,
3 Met. 319; Hobbo v. Ray, 18 R. I. 84, 25 Atlanta 694; Southern
R. R. Co. v. Sherley, 121 Ky. L. R. 864.

J. L. W. SLAUGHTER, JOHN W. DOUGLAS and J. G. VAL-
LANDINGHAM for appellee.

We submit that the demurrer to the petition should have been
sustained:
1. Because it is against public policy and contrary to law to
permit a suit for damages to be maintained against any officer,
acting in a judicial capacity, where he has  jurisdiction of the
person and of the subject matter.
2. Because appellant does not state in his petition that the
sureties, or either of them, offered to sign appellant's bond in
person, or that they authorized any person in writing to sign
their names thereto for them. Cooley on Torts, page 406, 407,
408 and 409; Dixon v. Cooper, 22 Ky. Law Rep. 539; Ayars v.
Cox, 10 Bush 207; Pepper v. Mayes, 81 Ky. 675; Revell v. Pettit,
3 Met.

OPINION OF THE COURT BY JUDGE NUNN—Affirm-
ing.

This action was instituted by appellant against
W. P. Yancey and the United States Fidelity & Guar-
anty Company, his surety, for false imprisonment.

The court sustained a demurrer to appellant's petition and dismissed his action; he failing and refusing to plead further. Omitting that part of the petition setting up the election and qualification of appellee Yancey as county court judge, the execution of bond as such, and other formal parts, it is as follows: "The plaintiff further states that on the 23d day of July, 1908, the defendant W. P. Yancey, as judge aforesaid, without probable cause, or any cause, issued a warrant of arrest against the plaintiff, and caused plaintiff to be arrested thereunder, and that on the 3d day of August, 1908, still acting as judge aforesaid, proceeded to hold an examining court to ascertain if this plaintiff had violated the law as charged in said warrant of arrest, and at said 'trial' announced that he (the judge) 'wanted the law read to the crowd,' which was done, and plaintiff says that there was no testimony whatever heard by said defendant judge tending to show that any act was done or omitted to be done by this plaintiff in Owen county or in the State of Kentucky since the said law said to have been violated by plaintiff, and known as the 'Crecelius Act,' went into effect. But plaintiff says that, although not proven guilty, the defendant Yancey, as judge aforesaid, and legally empowered to preside, hear, and determine questions of both law and fact, in violation of the Constitution required of plaintiff 'excessive bail,' and all without testimony to support his judgment, and thereupon the plaintiff offered to execute bond as demanded by said judge, with M. H. Stonestreet and June W. Gayle, personally known to said judge to be solvent and amply sufficient, as sureties thereon, the said judge announcing publicly that neither of said sure-

ties alone is 'good,' but then and there unlawfully and over plaintiff's protest refused to permit the said Stonestreet or Gayle either of them to have their names signed as sureties to said bond, which they were willing to do and offered to do as by law required, and that said defendant Yancey, as judge aforesaid, then and there did willfully and unlawfully cause the body of this plaintiff to be committed to the jail of Owen county where he was incarcerated for hours against plaintiff's will, and without semblance of legal justification for his said act. The plaintiff says that by reason of the cruel, inhuman, and unlawful act of said judge in committing plaintiff to prison that the plaintiff has been humiliated and subjected to taunts and jeers of his fellow men, and caused to suffer indescribable mental anguish, and to expend $50 attorney fee for services in securing plaintiff's release, and that he has been damaged," etc.

At the first term of the court after the filing of the petition, appellee Yancey filed a general demurrer thereto. The court took time to consider the demurrer, and pending this motion Yancey filed his answer. At a subsequent term, by permission of the court, Yancey withdrew his answer and filed another. At the same term of the court the United States Fidelity & Guaranty Company filed its separate answer, and the court disposed of the general demurrer by the following order, to wit: ''The general demurrer heretofore entered to plaintiff's petition herein having been considered by the court and the court sufficiently advised, said demurrer is sustained and leave given plaintiff to amend, to which plaintiff excepts, and plaintiff, declining to amend, it

is ordered that the petition be, and the same is now dismissed, and it is adjudged that the defendants recover of the plaintiff the cost here expended, and may have execution, to all of which plaintiff excepts." Appellant contends that the court erred in sustaining this demurrer for two reasons: First, that appellees had waived the defects, if any there were, in the petition by filing their answers to the merits without first having the demurrer disposed of; second, that the petition stated a good cause of action Section 93, Civ. Code Prac., is in part as follows:

"(1) A general demurrer is an objection to a pleading because it does not state facts sufficient to constitute a cause of action or a defense, or because it does not state facts sufficient to support a cause of action or a defense.

"(2) Failure so to make such objection is not a waiver thereof," etc.

This section is conclusive of the first question raised by appellant.

The lower court did not err in sustaining the demurrer to the petition. It will be observed that the action was instituted against appellee Yancey as county judge of the Owen county court to hold him liable for damages which appellant claims to have sustained by reason of the judge's decision against him on an examining trial, and for refusing to allow certain persons to have their names signed to his bail bond. It appears from the petition that appellant was arrested under a warrant which was issued by appellee as judge of the Owen county court. While it is not stated in the petition the substance of the warrant under which he was arrested, nor is there a copy of it filed with the petition, it is intimated that

the warrant was issued against appellant for a violation of the Crecelius act. Other than this, he gave the court no statement of the nature of the offense or crime with which he was charged. Without this, the presumption of the law is that the warrant was regular, and that the judge discharged his duty with reference thereto. It is true that it is alleged that the judge without probable cause, or any cause, issued the warrant of arrest for appellant and caused him to be arrested, and that he, acting as judge aforesaid, proceeded to hold an examining trial to ascertain whether or not appellant had violated the law as charged in the warrant. The phrase "without probable cause or any cause," without showing any reason for such statement, is a conclusion of the pleader, and for that reason is bad. He did not allege that the judge issued the warrant without information given him on oath, or without affidavit filed in his office showing the nature of the offense for which the warrant issued, or that the judge did not have personal knowledge of the commission of the offense charged in the warrant. Therefore no fact was alleged in the petition from which the court could have been authorized to conclude that the warrant was illegally issued. The petition is equally defective with reference to the alleged examining trial. It was alleged in the petition that "there was no testimony whatever heard by said defendant judge tending to show that any act was done or omitted to be done by this plaintiff in Owen county or in the State of Kentucky since the said law said to have been violated by plaintiff, and known as the 'Crecelius Act,' went into effect. But plaintiff says that, although not proven guilty, the defendant

Yancey, as judge aforesaid, and legally empowered to preside, hear, and determine questions of both law and fact, in violation of the Constitution, required of plaintiff 'excessive bail.'" This amounts only to a conclusion of the pleader. The amount of the bail required is not alleged. There is an admission in the pleading that evidence was introduced on the examining trial; but appellant was of the opinion that it did not tend to show that he was guilty of any offense, but it appears that the court differed from him on that point. There was no positive fact alleged which indicated that the lower court erred in that matter, even if the court, could have been made liable for an error in its opinion, which it is not necessary to determine or discuss, as the petition is so defective that it fails to present that question for determination.

It is also alleged in the petition, in substance, that the court required excessive bail of appellant; that he could have avoided going to prison, however, but for the fact appellee Yancey refused- to permit one Stonestreet or Gayle, or both of them, to have their names signed as surety to said bond, which they were willing and offered to do as by law required. It was also alleged that Yancey said at the time that either of the gentlemen would have made the bond "good." It is not alleged that either of them offered to sign the bond, but it is alleged that both of them offered to "have" their names signed to the bond. By section 482, Ky. St., it is provided: "No person shall be bound as the surety for another by the act of an agent, unless the authority of the agent is in writing, signed by the principal," etc. It is not alleged in the petition that Stonestreet or Gayle in this manner

authorized any person to sign their names to the bail bond. It is alleged that they offered to do this as required by law. This, however, is merely a conclusion of the pleader. It should have been alleged that they executed a power of attorney under section 482, Ky. St., authorizing some one to sign their names to the bond, and the power of attorney should have been filed, or the substance of it copied into the pleading, so that the court might have determined whether or not it conformed to the requirements of the law.

For these reasons, the judgment of the lower court is affirmed.