JACOB G. KREIIBIEL, Appellant, v. W. L. HENKLE, Appellee.

**Unlawful search:** RIGHT OF ACTION. Every citizen is guaranteed by the constitution the security of his person and property against wrongful seizure or search, a violation of which right without reasonable ground gives the injured person a cause of action therefor.

**Malicious prosecution:** MALICE: PROBABLE CAUSE: EVIDENCE. In an action for maliciously suing out a search warrant, malice and want of probable cause must be shown to sustain a recovery of damages; and unless the evidence is so clear and undisputed that reasonable minds can not differ as to the conclusion, the issue is for the jury. Evidence held to show that the issuance of the warrant and the search were procured by malice and without cause.

**Same:** WRONGFUL SEARCH: RIGHT OF ACTION. Actual arrest or seizure of property are not essential to sustain an action for maliciously suing out a warrant directing the search of plaintiff's premises, nor is it essential that he should have been directly charged with larceny; the wrong is done by unreasonably entering and searching his home under the charge that stolen property was there secreted, thus casting upon him the suspicion at least of complicity in the larceny.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, JUNE 1, 1909.

THE opinion states the material facts.—*Reversed.*

*T. B. Snyder* and *Washington Galland,* for appellant.

*E. C. Weber* and *Hamilton & Fraley,* for appellee.

WEAVER, J.—On February 6, 1906, the appellee filed an information before a justice of the peace of Lee County, Iowa, alleging: That four pictures, "The Rough Riders," "Warships," "An English Scene," and "Rock of Ages," had been "feloniously taken" from the schoolhouse in district No. 1 in Van Buren township in said county; that there was good reason for believing that Martha Richardson had said pictures in her possession; and that they were "supposed to be secreted at or about the house of Jacob Krehbiel," the appellant herein. Upon strength of these allegations, the informant demanded that a warrant issue for the search of the dwelling of said Krehbiel. A warrant was issued for the search of appellant's home for the discovery of the pictures and containing the following directions: "If the pictures are supposed to be locked up in a trunk and the key is not delivered, bring the trunk." These words were inserted in the warrant at the request of the appellee, who went with the constable to the home of the appellant and assisted in making the search. Upon their demand they were admitted to the room which had been occupied by a boarder, one Martha Richardson, where were found certain pictures which appellee claimed to identify as having been stolen from the schoolhouse, and the officer took them into his possession. Upon application for change of venue, the justice issuing the warrant transferred the proceedings to the court of the next nearest magistrate, who, upon hearing the evidence, and finding the charge made in the information to be without sufficient support, dismissed the same and ordered a restoration of the property. Thereafter appellant instituted this action for damages, alleging that in suing out said warrant and causing the search of his premises for alleged stolen property the appellee acted wilfully, maliciously, and without probable cause. On trial to a jury the plaintiff introduced evidence tending to show the state of facts hereinbefore set

forth. It also tended to show that Martha Richardson had been teacher of the public school in said district and at some time during the term she had decorated the walls of the schoolroom with cheap pictures, some of which were furnished by herself and her friends, and some had been brought to her by the pupils from their homes. Among them were three or four brought by a son of the appellee, none of which are shown to have any material or substantial value. At the close of the term, Miss Richardson burned most of the pictures she had placed on the walls, and upon asking the pupils what should be done with those furnished by themselves, and receiving no request for their preservation, burned them also. As she was at the railway station about to leave the neighborhood, she was accosted by the appellee, who insinuated that she had appropriated the pictures and demanded to know the contents of the grip she was carrying. The appellant, being present and rebuking him for his insolence, was told to keep still, and that he would hear from appellee later. The pictures taken under the warrant were identified by a third person as having been given to the teacher by himself. The appellee is shown to have been quite officious in urging the issuance of the warrant and dictating its terms and in leading the invasion of the appellant's premises. At the close of the testimony upon the part of the appellant, the appellee moved for a directed verdict in his favor on the ground that the showing made was insufficient to sustain a finding of malice on his part or want of probable cause in suing out the writ, and on the further ground that there had been shown no arrest of plaintiff's person, no seizure of his property or search of his premises, and no damages sustained by him. The motion was sustained, and judgment thereupon rendered against the appellant, who prosecutes this appeal therefrom.

The motion to direct a verdict should have been denied and the cause submitted to the jury. The right of

the citizen to security in person and property against
wrongful seizures and searches is one which
the law has ever zealously safeguarded and
has express recognition in our State Consti-
tution.    Constitution, Iowa, art. 1, section 8.    That a
violation of this right without reasonable ground therefor
gives the injured party a right of action is thoroughly
well settled.    *Reed v. Legg,* 2 Har. (Del.) 173; *Lawton v.
Cardell,* 22 Vt. 524; *Dougherty v. Gilbert,* 1 Tapp. (Ohio)
38; *Whitson v. May,* 71 Ind. 269; *Doane v. Anderson,* 60
Hun, 586 (15 N. Y. Supp. 459); *Gardner v. Neil,* 4 N.
C. 104; *Miller v. Brown,* 3 Mo. 127 (23 Am. Dec. 693);
*Olson v. Tvete,* 46 Minn. 225 (48 N. W. 914).

1. UNLAWFUL SEARCH: right of action.

True, evidence of malice and want of probable cause
for the prosecution must be shown in order to sustain a
recovery of damages, but the question as to the existence of
these elements of the case is ordinarily one
for the jury to determine from a considera-
tion of all the facts and circumstances.
While the court may instruct the jury what
acts will or will not constitute probable cause, the question
whether those facts have been shown remains for the de-
cision of the jury, except only in those cases where the
testimony is so clear and undisputed that all reasonable
minds must agree in reaching the same conclusion there-
from.    *Center v. Spring,* 2 Iowa, 393.    Such is not the
case presented by the record before us.    The evidence tends
very clearly to show both malice and want of probable
cause, and, if the jury believed the statements of the wit-
nesses to be true, as it could rightfully have done, a ver-
dict for appellant was inevitable.    So far as appears from
the evidence no pictures had been feloniously taken from
the schoolhouse by any person, nor is there any evidence
whatever of facts or circumstances justifying in the slight-
est degree the charge that Miss Richardson had stolen
them, or that stolen pictures were secreted in the plaintiff's

2. MALICIOUS PROSECUTION: malice: probable cause: evidence.

house.    It is possible, of course, that, had appellee chosen
to meet the issue with evidence in support of his defense,
he could have proven facts placing his conduct in more
favorable light; but as the record stands his conduct was
inexplicable save upon the theory of deliberate malice or
petty spite.

The theory of appellee's counsel that arrest of plain-
tiff's person or seizure of his property is essential to his
right of action is unsound.    Nor is it necessary to his ac-
tion that he should have been expressly
charged with the larceny of the alleged stol-
en goods.    The essence of the wrong done
to him was the unreasonable invasion of his home, which
wrong was aggravated by the charge that stolen goods were
there secreted—thus at the very least casting upon him
the suspicion of complicity in larceny.    Nor is it correct
to say, as counsel does, that appellant's house was not
searched.    The house was entered by the officer and the
appellee, acting under authority of the warrant, and a
demand was made by them for the production of pictures.
Upon movement of appellant to comply with this order,
he was followed by both officer and appellee, who searched
through a roll of pictures there found and selected such as
the latter laid claim to.    We think it immaterial whether
the officer and appellee themselves opened the trunk or
other receptacle in which the property was kept, or wheth-
er, yielding to their demand backed by the writ, the ap-
pellant himself delivered up the property.    The invasion
of the appellant's home was none the less complete in the
one case than in the other.

It follows from what we have said that the cause
must be reversed at the cost of the appellee and remanded
for new trial.—*Reversed.*

3. SAME: wrong-
ful search:
right of action.