## Poston and Crouch v. Commonwealth, for Use, etc.

### (Decided November 30, 1923.)

### Appeal from Simpson Circuit Court.

1. Searches and Seizures—Affidavit for Search Warrant Must Contain Statement of Facts Sufficient to Induce Belief Accused has Committed Offense—"Probable Cause."—An affidavit for a search warrant must contain a statement of facts or circumstances sufficient to induce in the mind of a reasonable person the belief that the accused has committed the offense charged against him, in order to show "probable cause," within Constitution, section 10, prohibiting the issual of a search warrant except upon oath.

2. Intoxicating Liquors—Affidavit Held Not Sufficient to Support Search Warrant.—Affidavit charging that defendants were on their way to Tennessee for the purpose of obtaining whiskey which the affiant believed they would at some uncertain future time transport into Kentucky, was insufficient to support a warrant to search their automobile, in view of Constitution, section 10.

3. Criminal Law—Evidence Obtained Under Invalid Search Warrant will Not Support Conviction.—Evidence obtained under a search warrant invalid, because not supported by a proper affidavit, will not support a conviction.

G. DUNCAN MILLIKEN and C. E. EVANS for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellants, Poston and Crouch, ask the reversal of a judgment finding them guilty of transporting intoxicating liquors in violation of law and fixing their punishment at

a fine and jail sentence, on the ground that the evidence introduced against them was incompetent, having been obtained, as they contend, through and under a search warrant based upon an insufficient affidavit. At the conclusion of the evidence for the Commonwealth the attorney for appellants entered a motion for a directed verdict in their favor, and also a motion to exclude all the evidence given by the witnesses for the Commonwealth which was obtained by reason of the search warrant. These motions were both overruled. The affidavit of which complaint is made reads as follows:

"Affiant, J. H. Aspley, states that he is chief of police of the city of Franklin, Kentucky; he states that Mr. Pemberton, chief of police at Bowling Green, Kentucky, called this affiant upon the telephone on this, Thursday, October 26, 1922, and told him that two men, W. C. Poston and J. A. Crouch, left Bowling Green, Kentucky, today for the purpose of securing a load of whiskey, and other intoxicating liquors, and went to the state of Tennessee to procure same. That said parties are traveling in a 'Ford' touring car which appears to be brand new and bearing Kentucky license number 164201, on both rear and front ends, and has sign marked 'Caution to users' on left-hand side of wind shield. That said parties passed through the city of Franklin today near two o'clock p. m., and were driving south towards the Tennessee line. That this affiant believes that said Poston and Crouch are going to Tennessee to procure a load of whiskey and transport same from Tennessee through Franklin, Simpson county, Kentucky, to Bowling Green, Kentucky."

It will be noticed that the chief of police of Bowling Green called up the chief of police of Franklin and told him that appellants, Poston and Crouch, left Bowling Green on their way to Tennessee the day of the telephone conversation for the purpose of securing in Tennessee a load of whiskey and other intoxicating liquor; that they were traveling in a "Ford" touring car with a given license number. In addition to the foregoing the affiant of his own knowledge stated appellants, Poston and Crouch, passed through the city of Franklin on that day about two o'clock p. m., and were driving south towards the Tennessee line. He then adds: "This affiant believes that said Poston and Crouch are going to Tennessee to procure a load of whiskey and transport same from Ten-

nessee through Franklin, Simpson county, Kentucky, to Bowling Green, Kentucky.''

We have several times held in recent cases upon the same subject that the affidavit for a search warrant must contain a statement of facts or circumstances sufficient to induce in the mind of a reasonable person the belief that the accused *has committed* the offense charged against him, and that nothing less than this amounts to probable cause within the meaning of the constitutional provision prohibiting the issual of a search warrant except upon oath. Section 10, Kentucky Statutes; Youman v. Commonwealth, 189 Ky. 153; Colley v. Commonwealth, 195 Ky. 706; Price v. Commonwealth, 195 Ky. 711; Mabry v. Commonwealth, 196 Ky. 625; Keith v. Commonwealth, 197 Ky. 362; Mattingly v. Commonwealth, 197 Ky. 583; Caudill and McLemore v. Commonwealth, 198 Ky. 695; Taylor v. Commonwealth, 198 Ky. 728.

Nowhere in the affidavit is it stated that appellants, or either of them, had committed a public offense by having in their possession or transporting intoxicating liquors. In fact, the affidavit definitely shows that the men had not transported the intoxicating liquors but were merely on their way to Tennessee for the purpose of obtaining whiskey which the affiant believed they would at some uncertain future time transport through Franklin, Simpson county, Kentucky. At most the affidavit stated that the affiant believed appellants were going after liquor. In this he may well have been mistaken. The law presumes otherwise. Admitting for the sake of argument that such was their purpose, but when they reached Tennessee the supply of whiskey had been exhausted and they therefore could not obtain any and returned empty handed through Franklin, Kentucky; or, suppose the appellants after reaching Tennessee had decided to remain there or to continue their journey southwardly, the fallacy of the contention of the Commonwealth would be made plain.

As we understand section 10 of the Constitution, a search warrant cannot issue except upon probable cause supported by oath or affidavit that a public offense has been—not may be—committed.

Measured by all the recognized rules of evidence and tested by standards by which all other affidavits for search warrants have been granted or refused, the affi-

davit under consideration was wholly insufficient to produce probable cause under our constitutional provision. As all the evidence of a substantial nature introduced by the Commonwealth at the trial was obtained under and by means of the search warrant in question, which search warrant was invalid because not supported by a sufficient and regular affidavit, the judgment must be reversed for proceedings consistent herewith.

Judgment reversed.   Whole court sitting.