## Ingraham et al. v. Blevins.

(Decided December 12, 1930.)

506

WAUGH & HOWERTON for appellants.

R. C. LITTLETON and J. B. ADAMSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Charles Ingraham and Estill Wilburn brought this action against R. O. Blevins. The circuit court sustained the defendant's demurrer to the petition. They declined to plead further; the court dismissed the action, and they appeal. The allegations of the petition are these:

On April 6, 1929, without reason therefor or any probable cause, the defendant, without right and wrongfully, filed before H. W. Easterling, a justice of the peace of the county, an affidavit set out in full in the petition, in which he, in substance, stated that he lost a bag of 100 pounds standard spring middlings with the brand "Allen Wheeler Company" on it, and that he had reasonable ground for believing and did believe that Estill Wilbern got the bag of middlings and took it in his Ford car; that he was the only one that traveled by where the middlings were lost off his delivery wagon; that he did go by that place where the middlings fell off his delivery wagon and was driving his Ford car and went in the direction of his father-in-law, Charles Ingraham. He prayed that a search warrant be issued for the car and premises. The search warrant was issued on the affidavit and placed in the hands of the sheriff of the county, who by one of his deputies searched the premises and the car and did not find the goods. The search was against the will of the plaintiffs. Neither of them knew anything about the goods, and the defendant had no basis for his

action, and same was done maliciously, willfully, and wrongfully. The petition concludes with these words:

> "They state that the act of the defendant in swearing out and causing to be issued the said search warrant was wrongful and unlawful and malicious and that he had no grounds or probable cause therefor and that they have been damaged in the way of exemplary damages in the sum of $200.00 each."

Counsel for appellants express some doubt whether the complaint constitutes a cause of action for malicious prosecution or malicious trespass, but feel sure it is one or the other. Certainly it is not a case of malicious prosecution. It is essential to such a case that (1) the defendant caused a proceeding, judicial in character, to be instituted against the complainant in which he stands charged with the guilt of a crime or misdemeanor; (2) that the proceeding has determined in favor of the complainant, either by a trial or voluntary action, or that a result adverse to plaintiff was procured corruptly or fraudulently; (3) that the defendant was actuated by malice in commencing or conducting the case; and (4) that the proceeding or prosecution was instituted without probable cause for a belief in the guilt of the complainant of the offense alleged against him. Graziana v. Ernst, 169 Ky. 751, 185 S. W. 99; 38 C. J. p. 386; Cook v. Bratton, 168 Ky. 301, 181 S. W. 1108; 38 C. J. p. 386.

The defendant did nothing but file an affidavit setting forth facts which manifested good grounds for the issuance of a search warrant to recover lost or stolen property.

Having a right to invoke legal process for the discovery or recovery of lost or stolen property, no wrong can be involved in exercising such right in a lawful and proper manner. Woods v. Finnell, 13 Bush, 628; Duncan v. Griswold, 92 Ky. 546, 18 S. W. 354, 13 Ky. Law Rep. 765.

Although circumstances might exist in which an action for malicious prosecution could be based on a wrongful search (Hardin v. Hight, 106 Ark. 190, 153 S. W. 99, 44 L. R. A. [N. S.] 368; Page v. Citizens' Banking Co., 111 Ga. 73, 36 S. E. 418, 51 L. R. A. 463, 78 Am. St. Rep. 144; Krehbiel v. Henkle, 142 Iowa, 677, 121 N. W. 378), the present pleading presents no such situation.

Nor is it a case of wilful trespass. If a search be executed under a void or invalid warrant, it is a trespass because it is made without authority, and, if malicious, an action for damages may be maintained against the trespasser, and all who aid, abet, assist or advise him in doing so. Weaver v. Ficke, 174 Ky. 432, 192 S. W. 515.

If the search is made under a valid warrant, it is authorized by law, and is not a trespass. Search warrants are authorized by the Constitution (section 10), and, when its terms are pursued, a right is exercised and not a wrong committed.

A cause of action is not created against a person by the doing of a lawful act for a lawful purpose in a proper manner. 1 C. J. p. 965, sec. 58.

"The exercise by one man of a legal right cannot be a legal wrong to another." State v. Moore, 69 N. H. 99, 39 A. 584, 585; Cooley on Torts, 830; West Va. Transp. Co. v. Standard Oil Co., 50 W. Va. 611, 40 S. E. 591, 56 L. R. A. 804, 88 Am. St. Rep. 895; White v. Kincaid, 149 N. C. 415, 63 S. E. 109, 23 L. R. A. (N. S.) 1177, 128 Am. St. Rep. 663; Morris v. Platt, 32 Conn. 75.

A bad motive in a case like this does not change the rule. 1 C. J. sec. 66 p. 971; 24 R. C. L. sec. 33., p. 727; Diuguid v. Roberts (Ky.) 121 S. W. 464; Dickerman v. Northern Trust Co., 176 U. S. 181, 20 S. Ct. 311, 44 L. Ed 423. Compare American Bank & Trust Co. v. Federal Reserve Bank, 256 U. S. 350, 41 S. Ct. 499, 65 L. Ed. 983.

That brings us directly to the question whether the allegations of the petition setting forth the facts of the transaction control the general allegation that defendant acted maliciously and without probable cause.

It is held in some cases that the averment "without probable cause" is a legal conclusion. Schooler v. Yancey, 133 Ky. 695, 118 S. W. 940; Simmons v. Gardner, 46 Wash. 282, 89 P. 887, L. R. A. 1915D, 16, annotation, page 70. But the weight of authority is that a general averment is sufficient. 38 C. J. p. 464, sec. 127; Hogg v. Lorenz, 234 Ky. 751, 29 S. W. (2d) 17.

The true rule, doubtless, is that a general allegation, standing alone, is adequate, but, when specific facts are set forth which show the existence of probable cause, the general allegation must yield to the facts averred. In substance that was decided in Shooler v. Yancey, 133 Ky. 695, 118 S. W. 940.; Carpenter v. Sibley, 153 Cal. 215, 94 P. 879, 15 L. R. A. (N. S.) 1143, 126 Am. St. Rep. 77, 15 Ann. Cas. 484; Saunders v. Baldwin, 112 Va. 431, 71 S. E.

620, 34 L. R. A. (N. S.) 958, Ann. Cas. 1913B, 1049; Kennedy v. Burbidge, 54 Utah, 497, 183 P. 325, 5 A. L. R. 1682; Cox v. Taylor, 10 B. Mon. 21; Duncan v. Griswold, 92 Ky. 549, 18 S. W. 354, 13 Ky. Law Rep. 765; Cook v. Bratton, 168 Ky. 302, 181 S. W. 1108; Campbell v. Threlkeld, 2 Dana, 425; Marshall v. Maddock, Litt. Sel. Cas. 106; Bell v. Ursury, 4 Litt. 334; Garrard v. Willet, 4 J. J. Marsh. 628; Mitchell v. Mattingly, 1 Metc. 237; Chelf v. Penn, 2 Metc. 463 v. Weir & Sayre, 5 B. Mon. 544; Maddox v. McGinnis, 7 T. B. Mon. 370; Miller v. Brown, 3 Mo. 127, 23 Am. Dec. 693; Frowman v. Smith, Litt. Sel. Cas. 7, 12 Am. Dec. 265, annotation page 266.

In analogy to this is the principle applied in actions for negligence. A general allegation of negligence in causing injury is deemed sufficient (Chiles v. Drake, 2 Metc. 146, 74 Am. Dec. 406; Gaines & Co. v. Johnson, 133 Ky. 510, 105 S. W. 381, 32 Ky. Law Rep. 58; Monroe v. Standard Sanitary Mfg. Co., 141 Ky. 550, 133 S. W. 214), but, when such general allegations are coupled with specific averments of negligent acts, the specific allegations control (Howard v. C. & O. Ry. Co., 90 S. W. 950, 28 Ky. Law Rep. 891; L. & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527; Palmer v. Empire Coal Co., 162 Ky. 130, 172 S. W. 97; Manwaring v. Geisler, 196 Ky. 112, 244 S. W. 292; L. & N. R. Co. v. Horton, 187 Ky. 622, 219 S. W. 1084; Ill. C. R. Co. v. Cash, 221 Ky. 655, 299 S. W. 590).

In this case the affidavit for the search warrant copied in the petition set forth facts sufficient to authorize issuance of the process, and refuted the general allegation that it was procured without probable cause. Wells v. Commonwealth, 221 Ky. 796, 299 S. W. 975; Commonwealth v. Thacker, 229 Ky. 488, 17 S. W. (2d) 399; Wellman v. Commonwealth, 219 Ky. 323, 292 S. W. 779; French v. Commonwealth, 222 Ky. 385, 300 S. W. 902; Caudill v. Commonwealth, 198 Ky. 695, 249 S. W. 1005; Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035; Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839; Goode v. Commonwealth, 199 Ky. 755, 252 S. W. 105; Poston v. Commonwealth, 201 Ky. 187, 256 S. W. 25; Commonwealth v. Diebold, 202 Ky. 315, 259 S. W. 705.

The pleading did not negative the truth of the affidavit for the search warrant. It follows that the circuit court ruled correctly in sustaining the demurrer to the petition.

Judgment affirmed.