MANUEL MIGUEL, Plaintiff and Appellant, *v.* HERNAIZ, TARGA & Co., SUCCRS., *S. en C.*, ET AL., Defendants and Appellees.

No. 5953. Argued March 21, 1933.—Decided March 23, 1934.

*Pedro G. Quiñones* and *M. García González* for appellant. *Angel A. Vázquez* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Manuel Miguel brought this action for damages alleged to have been caused by an unlawful search of a house. The district court sustained a demurrer for want of facts sufficient to constitute a cause of action. Plaintiff refused to amend his complaint and appeals from a judgment of dismissal.

Appellee relies mainly upon *López de Tord & Zayas Pizarro* v. *Molina*, 38 P.R.R. 737, where this court held, as stated in the headnotes, that: "The legislation in force here does not authorize a civil action for malicious prosecution as a consequence of a suit or civil proceeding." Appellant insists that his action is not for malicious prosecution but is based on sections 1802 of the Civil Code, edition of 1930, and 371 of the Penal Code. (Laws of 1931, p. 400.) The one provides that: "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done." The other says that: "Every person using, or procuring, encouraging or assisting another to use, any force or violence in entering upon or detaining any lands, or other property, public or private, except in the cases and in the manner provided by law, shall be punishable," etc. No authority need be cited to show that an action for such a trespass is clearly distinguishable from an action for malicious prosecution. See, however, *Ingraham* v. *Blevins*, 33 S. W. (2d) 357.

Plaintiff alleged:

"3.—That said defendants are the petitioning creditors in bankruptcy case No. 951 in the District Court of the United States for Puerto Rico, the defendant (alleged bankrupt) being Pedro Tartak, and said case being a petition in involuntary bankruptcy before said court.

"4.—That the defendants, petitioning creditors, in the aforementioned case before the Federal Court, requested the examination of certain witnesses before the judge of said Court, and as a direct consequence of said examination and under affidavit procured by the petitioning creditors, and made on information and belief by a certain Enrique B. Sánchez, the Judge of said Court issued the following search warrant and writ for the seizure of property (we copy here the pertinent portion only of the warrant set forth in full in the complaint):

". . . . . Upon sworn statement of Enrique B. Sánchez filed in this case, it is ordered and directed that the U. S. Marshal search the following premises:

" 'The lower floor of a house located at Republic St. No. 11, Santurce, P. R., and the house located at Calle Isern No. 9, Santurce, P. R., and seize all merchandise found therein and retain same in his possession until further order of this Court. . . . . '

"5.—That said search-warrant is null and void because it is based on a hearsay affidavit and besides, because from the face thereof it appears that there is no description of the place to be searched, of the person whose house is to be searched, or of the property to be seized, nor does any probable cause appear from the face thereof to justify the issuance of said search warrant.

"6.—That a Marshal of the District Court of the United States for Puerto Rico in compliance with said alleged search warrant and order for the seizure of property, presented himself at the plaintiff's home around February 2, 1931, and by means of force and violence invaded, searched and raided, at about four o'clock in the afternoon, two apartments of house No. 9 Isern Street of Santurce in the city of San Juan, that is, an apartment on the third floor and another apartment on the second floor of the same house, and about eight o'clock at night, said officer entered by means of force and violently invaded, searched and raided the ground floor of said house of the plaintiff, all of which was done by the said officer of the aforementioned Court at the instance of and urged by the defendants herein without the consent or voluntary permission of the plaintiff and against his express will."

In a subsequent paragraph of the complaint further reference is made to the search as having been instigated (*instado*) by defendants.

Section two of the Organic Act, (Laws of 1917, p. 8) provides:

"That the right to be secure against unreasonable searches and seizures shall not be violated.

"That no warrant for arrest or search shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

Section 6 of Title XI of "An Act . . . . better to enforce the criminal laws of the United States, and for other purposes," approved June 15, 1917 (40 Stat. 229), requires that the federal judge or a United States commissioner issuing a search warrant shall state therein "the particular grounds or probable cause for its issue." Section 10 says that: "The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night." Section 20 provides that: "A person who maliciously and without probable cause procures a search warrant to be issued and executed shall be fined not more than $1,000 or imprisoned not more than one year." See also section 507 of the Insular Code of Criminal Procedure. (Comp. Stat. 1911, p. 1022, section 6563). Obviously the warrant in the instant case did not meet the requirements of either of these statutes. It did not bring the instant case within the exception specified in section 371 of the local Penal Code as a forcible entry effected "in the cases and in the manner provided by law."

Even if it should be conceded that defendants were free from all criminal responsibility, it would not follow that the complaint fails to state a cause of action. Defendants are presumed to know the law. When they procured an invalid search warrant and intentionally participated in the invasion

of plaintiff's property in the manner described in the complaint, they placed themselves *prima facie* at least in the position of trespassers. *Grumon* v. *Raymond,* 6 Am. Dec. 200; *Reed* v. *Rice,* 19 Am. Dec. 122; *Larthet* v. *Forgay,* 46 Am. Dec. 554; *Weaver* v. *Ficke,* 192 S. W. 515; and *Ingraham* v. *Blevins, supra.* Such an invasion of the rights secured by section 2 of the Organic Act, whether it amounts to a crime or not, comes clearly within the broad terms of section 1802 of the Civil Code and will therefore sustain an action for damages.

The judgment appealed from and the order of the court sustaining the demurrer must be reversed and the case remanded.

Mr. Justice Wolf concurs in the result.