Manuel Miguel, demandante y apelante, *v.* Hernaiz Targa & Co., Sucrs., S. en C., Melón Hnos. & Co., S. en C., y Catalán González & Co., S. en C., demandadas y apeladas.

No. 5953.—*Sometido:* Marzo 21, 1933. *Resuelto:* Marzo 23, 1934.

*Pedro G. Quiñones y M. García González,* abogados del apelante; *Angel A. Vázquez,* abogado de las apeladas.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Manuel Miguel inició esta acción por los daños y perjuicios que alega le fueron causados por un allanamiento ilegal de su casa. La corte de distrito sostuvo una excepción previa de falta de hechos suficientes para determinar una causa de acción. El demandante se negó a enmendar su demanda y apela de una sentencia declarándola sin lugar.

■■ Las apeladas se fundan principalmente en el caso de *López de Tord & Zayas Pizarro* v. *Molina,* 38 D.P.R. 823, en el que esta corte dijo, según aparece en el sumario, que "en Puerto Rico la legislación vigente no autoriza la acción civil por persecución maliciosa como consecuencia de un pleito o procedimiento civil." El apelante insiste en que la suya no es una acción por persecución maliciosa sino que se basa en los artículos 1802 del Código Civil, edición de 1930, y 371 del Código Penal (Leyes de 1931, p. 401). El primero de estos artículos dispone: "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado." El otro provee: "Toda persona que empleare fuerza o violencia al invadir u ocupar terrenos en otras propiedades públicas o privadas, o que excitare o ayudare a otra persona para que lo haga, salvo en los casos y en la forma prevenida por la ley, incurrirá en pena", etc. No es necesario citar autoridad alguna para demostrar que un pleito fundado en tal transgresión puede claramente distinguirse de una acción por persecución maliciosa. Véase, sin embargo, el caso de *Ingraham* v. *Blevins,* 33 S. W. (2d) 357. El demandante alegó:

"3. Que dichas demandadas son los acreedores peticionarios (*petitioning creditors*) en el caso de quiebra No. 951 en la Corte de Distrito de los Estados Unidos para Puerto Rico, siendo el demandado (*alleged bankrupt*) Pedro Tartak, siendo dicho caso una demanda sobre quiebra involuntaria ante dicha corte.

"4.—Que las demandadas acreedoras peticionarias en el caso antes mencionado ante la Corte Federal, instaron el examen de ciertos testigos ante el juez de dicha corte y como consecuencia directa de dicho examen y bajo un escrito jurado de un tal Enrique B. Sánchez, obtenido este escrito, según información y creencia, a instan-

cias de los acreedores peticionarios, el juez de dicha corte dictó la siguiente orden de allanamiento y apoderamiento de bienes: (Insertamos aquí sólo la parte pertinente del allanamiento, el cual se copia íntegramente en la demanda.)

" 'Upon sworn statement of Enrique B. Sánchez, filed in this case, it is ORDERED AND DIRECTED that the U. S. Marshal search the following premises:

" 'The lower floor of a house located at Republic St. No. 11, Santurce, P. R., and the house located at calle Isern No. 9, Santurce, P. R., and seize all merchandise found therein and retain same in his possession until further order of this court.'

"5. Que dicha orden de allanamiento es nula e ineficaz porque está fundada en una declaración jurada por referencia y además porque de la faz de la misma se desprende que no hay una descripción del sitio que se ha de allanar y registrar ni de la persona cuya casa han de allanar y registrar ni de los efectos que han de apoderarse, ni aparece de la faz de la misma causa probable para que se expida dicha orden de allanamiento.

"6. Que un márshal de la Corte de Distrito de los Estados Unidos para Puerto Rico cumplimentando dicha alegada orden de allanamiento y apoderamiento de bienes se personó en la casa del demandante allá por el día 2 de febrero de 1931, y a la fuerza y violentamente, invadió, allanó y registró a eso de las cuatro de la tarde dos apartamientos de la casa No. 9 de la calle Isern del barrio de Santurce, de esta ciudad de San Juan, o sea, un apartamiento en el piso tercero y otro apartamiento en el piso segundo de la misma, y a eso de las ocho de la noche, dicho funcionario a la fuerza y violentamente, invadió, allanó y registró la planta baja de dicha casa del demandante, todo lo cual hizo dicho funcionario de la mencionada corte a instancias y excitado por las demandadas en este caso, sin el consentimiento o permiso voluntario del demandante y contra la voluntad expresa de éste."

En un párrafo posterior de la demanda se hace referencia nuevamente al allanamiento, al efecto de que éste fué instado por las demandadas.

La sección 2 de la Carta Orgánica (Leyes de 1917, p. 9) provee que:

"No se violará el derecho de estar garantizado contra registros y embargos arbitrarios.

́ ''No se expedirá mandamiento de arresto o registro sino por motivo fundado, apoyado con juramento o afirmación, y describiendo particularmente el lugar que ha de registrarse y las personas que han de ser detenidas o las cosas que deben ser embargadas.''

La sección 6, Título XI, de ''Una ley . . . . para mejor hacer cumplir las leyes penales de los Estados Unidos, y para otros fines,'' aprobada el 15 de junio de 1917 (40 U. S. Stat. 229), dispone que el juez federal o el comisionado de los Estados Unidos que expida una orden de allanamiento haga constar en la misma ''los fundamentos específicos o causa probable para su expedición.'' La sección 10 lee así: ''El juez o comisionado debe insertar en la orden de allanamiento instrucciones para que se cumplimente durante las horas del día, a menos que de las declaraciones juradas se deduzca la completa seguridad de que la prenda que se busca la lleva encima el individuo, o se encuentra en el lugar que ha de ser registrado, en cuyo caso puede insertar instrucciones para que se cumpla a cualquier hora del día o de la noche.'' La sección 20 provee que: ''Toda persona que maliciosamente y sin causa probable logre que se expida y ejecute una orden de allanamiento será castigada con multa que no excederá de $1,000, o cárcel que no exceda de un año.'' Véase también el artículo 507 del Código de Enjuiciamiento Criminal de Puerto Rico (Estatutos Revisados de 1911, p. 1072, sección 6563). Evidentemente la orden de allanamiento en el presente caso no cumplía con los requisitos de uno u otro estatuto. No hizo caer el presente caso dentro de la excepción especificada en el artículo 371 del Código Penal local como una entrada a la fuerza efectuada ''en los casos y en la forma prevenida en la ley.''

Aun si pudiera admitirse que las demandadas estaban exentas de toda responsabilidad criminal, no por ello es de inferirse que la demanda deja de alegar una causa de acción. Se presume que las demandadas conocen la ley. Cuando lograron que se expidiese una orden de allanamiento nula e intencionalmente participaron en la invasión de la

propiedad del demandante en la forma descrita en la demanda, se colocaron a sí mismas, por lo menos prima facie en la posición de transgresores (*trespassers*). *Grumon* v. *Raymond,* 6 Am. Dec. 200; *Reed* v. *Rice,* 19 Am. Dec. 122; *Larthet* v. *Forgay,* 46 Am. Dec. 554; *Weaver* v. *Ficke,* 192 S. W. 515; *Ingraham* v. *Blevins,* supra. Esa invasión de derechos garantizados por el artículo 2 de la Carta Orgánica, ya equivalga a un delito o no, cae claramente dentro de los amplios términos del artículo 1802 del Código Civil, y, por consiguiente, justificará una acción por daños y perjuicios.

*La sentencia apelada y la resolución de la corte declarando con lugar la excepción deben ser revocadas y devuelto el caso.*

El Juez Asociado Señor Wolf está conforme con el resultado.