CASE 49.—ACTION BY KENDRICK JOHNSON AGAINST W. A. GAINES & CO. FOR DAMAGES FOR PERSONAL INJURY.—November 20, 1907.

## Gaines & Co. v. Johnson

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Reversed.

1.  Master and Servant—Actions for Injuries—Petition—Sufficiency.—A petition in an action for injuries to a servant, alleging that while in defendant's employment plaintiff was, by defendant's gross negligence, caused to be thrown against and caught in a rapidly revolving sprocket wheel, whereby he was greatly and permanently injured about the legs, head, back, arms and body, and caused to suffer great pain; that defendant negligently failed to provide a reasonably safe place in which to work, or reasonably safe machinery and appliances with which to work; and that the place and appliances were unsafe and dangerous; all of which was known to defendant or could have been known by the exercise of ordinary care, and all of which was unknown to plaintiff and could not have

Gaines & Co. v. Johnson.

been known by the exercise of ordinary care—was sufficiently
specific.

2. Same—Duty to Warn and Instruct Servant.—Though the
premises where and the appliances with which a servant is to
work are reasonably safe, yet the master is not thereby re-
lieved from warning and instructing a servant, where the ser-
vant is young or inexperienced and the service is dangerous
and such that an inexperienced servant would not appreciate
or understand the danger.

3. Same.—Where a rapidly revolving sprocket wheel presented a
smooth appearance, though in fact full of prongs, the danger
of coming in contact with it while oiling machinery near by
was not so obvious as to dispense with the necessity of warn-
ing and instructing an inexperienced servant thereof.

4. Actions for Injuries—Issues, Proof and Variance.—Under a pe-
tition in an action for injuries to a servant, alleging a failure
to provide a reasonably safe place to work or reasonably
safe machinery and appliances, a recovery can not be had
for failure to warn and instruct the servant.

J. A. SCOTT for appellee.

W. C. MARSHALL of Counsel.

POINTS AND AUTHORITIES RELIED ON.

1. As to what a servant has a right to presume when entering
upon service of the master. (Sher. & Red., Sec. 185b.)

2 As to what servant not presumed to know. (Thompson on
Neg., Sec. 4645; Bailey on Master & Ser., pages 116, 184-5; A. C.
& I. v. Wallace, 19 R. 849; O. V. R. Co. v. McKinley, 17 R. 1028;
James v. Aimes, 26 R. 498.)

3. Duty of inspection by master. (Sher. & Red., Sec. 194a.)

4. Duty of master to provide proper instrumentalities. (Sher. &
Red., Sec. 194.)

5. Duty of master to warn servant of latent dangers. (Bailey on
Master & Servant, pp. 111-112; Quaid v. Cornwall & Bro., 13 Bush
602; Lou. Bagging Mfg. Co. v. Dolan, 13 Rep. 493; L. & N. v. Veach,
20th Rep. 403; United Laundry Co. v. Schilling, 21 Rep. 1798;
Standard Oil Co. v. Eiler, 22 Rep. 1641; Reliance Textile Dye Wks.
v. Martin, 23 Rep. 1625; Henderson Cotton Mills v. Warren's
Adm'r, 24 Rep. 1030; 93 Ky. 363; A. Express Co. v. Smith,
24 Rep. 1915; Continental Tob. Co. v. Knopp, 24 Rep. 1268; Hender-
son Tob. Ex. Wks v. Wheeler, 25 Rep. 495; Conrad Tanning Co. v.
Munsey, 25 Rep. 936; Phisterer v. Peter & Co., 25 Rep. 1605; Harp
v. Cumberland Tel. Co., 25 Rep. 2133; I. C. Ry. Co. v. Keebler, 27
Rep. 305; Geo. Weideman Brew Co. v. Wood, 27 Rep. 1012; James
v. Aimes, 26 R. 498; Whitehouse v. Cochran, 13 R. 636; Champion
Ice Mfg. Co. v. Carter, 21 R. 210; Lostuter v. Dailey, 14 Rep. 926.)

6. The servant, in order to recover for defects in the appliances
of the business, is called upon to establish three propositions. (Bo-
genshutz v. Smith, 8 Ky. L. Rep. 376; Wood on Master & Ser.)

D. W. LINDSEY and IRA JULIAN for appellant.

Gaines & Co. v. Johnson.

## POINTS AND AUTHORITIES.

1. The court erred in refusing a peremptory instruction at the conclusion of plaintiff's testimony. (Ency. P. and P., Vol. 6, page 675; Wilson's Adm'r v. Chess, &c., Co., 25 Ky. L. R. 1655; Milliott v. L. & N. R. R. Co., 101 Ky. 212; Jones v. Same, 95 Ky. 576; Kelly v. Bourbon Asphalt Co., 93 Ky. 363; Thompson on Negligence, Vol. 2, 1008.)

2. The court erred in refusing a new trial because the verdict was not sustained by sufficient evidence. (Hempstein v. Depue, 24 Ky. L. R. 886; Palmer v. Johnson, 13 Ky. L. R. 590; Hurt v. L. & N. R. R. Co., 25 Ky. L. R. 755.)

3. The court erred in overruling defendant's demurrer to the petition, and also the motion to make the petition more specific. (Civil Code, Secs. 113-114; Bogard v. Ill C. R. R. Co., 25 Ky. L. R. 624; L. & N. R. R. Co. v. Scanlon, 22 Ky. L. R. 1400; Young v. Lynch, 66 Wis. 514; Peerless Stone Co. v. Wray, 143 Ind. 574; R. R. Co. v. Vanhorn, 38 N. J. Law 133; Eaton v. R. R. Co., 129 Mass. 364; King v. R. R. Co., 59 L. R. A. 209 (Iowa case), with elaborate collection of authorities on this subject.)

4. The court erred in giving instruction No. 3 for plaintiff, as to warning, because unauthorized by the pleading and proof. (Farmers Nat. Bank v. Wilson, 1 Ky. L. R. 351; Ky. Tobacco Co. v. Ashley, 5 Ky. L. R. 184; Mitchell-Tranter Co. v. Ehmitt, 23 Ky. L. R. 1788; Covington Bridge Co. v. Brennan 16 Ky. L. R. 126; Hominy Mill Co. v. Watkins, 15 Ky. L. R. 301; Ohio, &c., Co. v. Finney, 15 Ky. L. R. 29.

5. The court erred in refusing to correct counsel for plaintiff because of misconduct in argument to the jury, and in failing to grant a new trial for that cause. (a) Extracts from the argument. (b) Rwy. Co. v. Morgan, 110 Ky. 740; Warren v. Nash, 24 Ky. L. R. 479; R. R. Co. v. Hull, 24 Ky. L. R. 375; Ency. P. and P., Vol. 2, p. 368; Dillingham v. Scales, 78 Texas, 205-207; Mitchum v. State, 11 Ga. 628-9; Parker v. Carriage Co., 78 Am. St. R. 878; Hall v. U. S., 150 U. S. 76.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

The appellee brought this action against the appellant company to recover damages for injuries sustained by him while in its employment at the Old Crow distillery, and from a judgment in his favor the appellant appeals, and assigns as error the failure of the lower court to require the plaintiff to make the allegations of the petition more specific, the refusal of the court to give a peremptory instruction, error in giving instructions to the jury, and miscon-

duct of counsel for appellee in the argument of the
case.

The petition charges that "while in the employ-
ment of the defendant as a hand in its distillery
building, and while in the line of his duties as such,
he was by the gross negligence of the defendant, its
agents and servants in charge of said distillery,
caused to be thrown against and caught in a rapidly
revolving sprocket wheel or pulley, whereby he was
greatly and permanently injured about the legs,
head, back, arms and body, and caused to suffer great
pain and mental anguish, and from which he will al-
ways suffer; * * * that defendant negligently failed
to provide him a reasonably safe place in which to
work, or reasonably safe or proper machin-
ery and appliances with which to carry on the work
in which he was engaged at the time of said injury;
that the place furnished him in which to work was
unsafe and dangerous, and that the machinery and
appliances furnished by the defendant and which he
was using at the time were unsafe and dangerous,
all of which was well known to the defendant and
its officers and agents, or could have been known
to them by the exercise of ordinary care in time to
have prevented the said injuries; but all of which
was unknown to plaintiff and could not have been
known to him by the exercise of ordinary care in
time to have prevented the same." In Chiles v.
Drake, 2 Metc. 146, 74 Am. Dec. 406, the court, speak-
ing through Judge Simpson, said: "In actions for
personal injuries resulting through negligence, it has
always been regarded as sufficient for plaintiff to al-
lege in general terms that the injury complained of
was occasioned by the carelessness and negligence of

the defendant.  He is not required to state the circumstances with which the infliction of the injury was accomplished, in order to show that it had been occasioned by negligence.  An allegation of the extent of the injury, and of the manner in which it was inflicted, has been always regarded as sufficient.'' This rule of practice has been followed time and time again by this court, and it is no longer an open question that a general allegation of negligence, where the extent of the injury and the manner of its infliction is stated, is sufficient.  L. C. & L. R. Co. v. Case's Adm'r, 9 Bush 728; L. & N. R. Co. v. Mitchell, 87 Ky. 327, 8 S. W. 706, 10 R. 211; L. & N. R. Co. v. Rains, 23 S. W. 505, 15 Ky. Law Rep. 433. But if special damages are sought to be recovered, or the negligence is specified, then in the first instance the special damage must be averred, and in the second the pleader will be confined to the negligence relied on.

In considering the other questions raised, it is necessary to state the material facts shown by the evidence.  It appears that appellee at the time of the injury was about 20 years of age, that he lived very near the distillery property, at which his father worked for many years, and that he was in and about the building frequently before the commencement of his work for appellant at the distillery some two months before the accident.  He was employed as a general hand in what is known as the ''dry house,'' and after a while took the place of the employe who branded and sewed the sacks, which position carried with it the duty of oiling the shafts in the distillery at the place where the appellee was injured.  The distillery is two stories high, and the work of brand-

ing and sewing the sacks was carried on in the second story; the machinery and shafting and dry plant occupying the first story. After his employment and before the injury appellee was frequently required to assist the hands employed in the room where the machinery and shafting was located. This line of shafting ran longitudinally through the building from front to rear, a distance of probably 60 feet. The ceiling in first story was about 9 feet high, and the shafting was suspended by hangers from the ceiling, bringing the shafting down about 20 inches below the joists of the second floor. On this line of shafting were a number of pulleys and sprocket wheels to run belts and chains. The hangers that supported the shafting were from 6 to 8 feet apart, and it was necessary to frequently oil the boxing connected with the hangers through which the shafting ran and revolved. The usual manner of oiling this boxing was to place a ladder with one end on the floor and the top leaning against either the shafting or a girder that ran parallel with it, so that the person oiling the machinery might climb up the ladder and perform his duties. As these hangers were some 7 feet apart, it was also usual to move the ladder from hanger to hanger as the work of oiling progressed. Appellee was directed by the person in charge on the day of the accident to oil the boxes on these hangers, and climbed up the ladder for that purpose between two hangers. At the point where appellant commenced to oil was a sprocket wheel on the shafting about half way between the hangers and some 3 feet distant from each. This sprocket wheel was from 10 to 12 inches in diameter, and the rim was covered with teeth, on which, when in use, a chain

revolved that ran certain parts of the machinery. At the time of the accident, however, the sprocket wheel was not in use, nor was a chain on it, and it was making probably 100 revolutions a minute. Appellant, after climbing the ladder, placed one foot on the rung of the ladder and another on the head of the filter press nearby, caught hold of the smooth revolving shafting with one hand to balance himself, and leaned and reached over for the purpose of oiling the boxing, when his clothing was caught in the sprocket wheel between where he was standing and the boxing he was attempting to oil, and he was whirled around by the revolving sprocket wheel and seriously and permanently injured.

Appellee testified that he did not know this sprocket wheel was there, that he had never seen it, and that he was not warned of any danger or instructed how to oil this machinery except to climb the ladder in the manner he did; and some evidence in his behalf was introduced showing that this sprocket wheel was dangerous and unsafe, and that it should have been either covered with a hood or a bridge erected on which a person could stand and oil this machinery. It was also in evidence that this sprocket wheel when revolving rapidly, presented a smooth surface, although in fact full of prongs. Appellant introduced a number of witnesses, all of whom testified that a person by the exercise of ordinary care could oil this machinery without danger by simply moving the ladder from hanger to hanger; that it was not necessary that either the sprocket wheel should be covered with a hood or that a bridge be built; and that a person standing where appellee was when caught by the sprocket wheel could not

fail to discover its presence, as it was in two or three feet of his face, and large enough to be easily seen in a room lighted as well as this one was.  Upon this state of facts, appellant contends that appellee was guilty of gross neglect in leaning over and attempting to oil the machinery in the manner which he did.

If appellee had been warned or instructed concerning his duty in oiling machinery, there would be great force in appellant's position.  Admitting, for the sake of argument, that the premises and appliances were reasonably safe, the fact that appellant in these respects discharged its duty did not relieve it from the further duty of warning and instructing appellee, if warning and instruction were necessary. The appliances with which a servant is put to work may be all that the law requires, and likewise the premises where he is engaged may be unobjectionable; but if the servant is young or inexperienced, and the service he is directed to perform is dangerous, and of such a character that an inexperienced person would not appreciate or understand the danger, although one of experience would have no difficulty in avoiding it, the law imposes upon the master the duty of warning and instruction.  That is to say, the master should instruct the servant how to perform the labor so as to avoid the danger attending it, or give him such warning as would enable a person of ordinary understanding to appreciate the situation. We do not mean to hold that this duty of warning and instruction is necessary in all cases where an inexperienced hand is employed, as the implements with which he is put to work may be of such a nature as that the simplest mind could understand and ap-

preciate the danger of coming in contact with them. Wilson v. Chess-Wymond Co., 78 S. W. 453, 25 Ky. Law Rep. 1655; Shemwell v. O. & M. R. Co., 78 S. W. 448, 25 Ky. Law Rep. 1671; Duncan v. Gernert Bros. Lumber Co., 87 S. W. 762, 27 Ky. Law Rep. 1039. But under the evidence introduced for appellee, and heretofore briefly mentioned, it can not be said that the danger in coming in contact with this sprocket wheel in oiling the machinery in proximity to it was so obvious as to dispense with the necessity of warning or instruction as the prongs on the wheel were not visible when it was rapidly revolving. The danger was concealed, and might not be seen or appreciated by an inexperienced servant. Cohankus Mfg. Co. v. Rogers' Guardian, 96 S. W. 437, 29 Ky. Law Rep. 747; Dow Wire Works v. Morgan, 96 S. W. 530, 29 Ky. Law Rep. 854; Thompson on Negligence, Secs. 4055, 4061.

The lower court, entertaining the views herein expressed as to the duty of warning or instructing appellee, gave to the jury this instruction: "(3) The court instructs the jury that if they shall believe from the evidence that the place, machinery, and appliances furnished the plaintiff, which he was using at the time of his injury, were unsafe and dangerous, and that this was known to the defendant, or could have been known to it by the exercise of ordinary care in time to have prevented the injury, and that the defendant also knew that the plaintiff was inexperienced and did not understand and appreciate that to use said place, machinery, and appliances would probably be attended with danger to himself, it was the duty of the defendant to warn plaintiff of such danger, or to instruct him in the use of said

place, machinery and appliances; and if they further believe from the evidence that the defendant failed to give such warning or instruction, and by reason of such failure plaintiff was injured while using ordinary care for his own safety, the law is for the plaintiff and the jury should so find." . This instruc· tion is assailed upon the ground that it was not authorized by the pleadings or supported by the evi· dence. It will be observed that the petition, although charging in general terms that appellee's injuries were caused by the gross negligence of appellant, points out that this gross negligence consisted in the failure to provide the appellee a reasonably safe place to work, or reasonably safe machinery and appliances with which to carry on the work in which he was engaged at the time of the injury, and avers that the place and appliance furnished were unsafe and dangerous. It is well settled that, when the pleader specified in what the negligence consisted, he is bound by his specifications, and can not introduce evidence supporting other elements of negligence outside of those particularly relied on. Thomas v. L. & N. R. Co., 35 S. W. 910, 18 Ky. Law Rep. 164; Chun v. K. & I. Bridge Co., 64 S. W. 649, 23 Ky. Law Rep. 1092. Although he may charge that the injury complained of was due to several causes of negligence, and if the evidence sustains any one of them may recover, although there may be a failure of proof as to the others. L. & N. R. Co. v. Shearer, 50 S. W. 330, 22 Ky. Law Rep. 929; Ford v. Provident Coal Co., 99 S. W. 609, 30 Ky. Law Rep. 698.

The duty of warning and instruction is entirely distinct from and independent of the duty of furnishing reasonably safe premises and appliances, as

much so as the duty of furnishing reasonably safe premises is distinct from reasonably safe appliances. In other words, under an averment that the premises were unsafe, a recovery could not be had upon a showing that the appliances were unsafe, any more than a recovery could be had for the failure to warn and instruct upon evidence showing that the injury was caused by defective premises. The petition in this case did not give to the defendant, now appellant, any notice that evidence would be introduced or a recovery sought upon the ground that it had failed to warn or instruct appellee. From the most casual examination of the petition it at once appears that in the pleading the plaintiff rested his case upon the failure to furnish reasonably safe premises and appliances. It furnished no notice that a recovery would be attempted because of the failure to warn or instruct. Appellee was asked, "Did anybody connected with the distilling company employing you explain to you the danger of oiling this machinery near that sprocket wheel before you oiled it?" Over objection of counsel for appellant he was permitted to answer, "no, sir; there was none that ever warned me that there was any danger there at all." In the condition of the pleadings, this evidence was not competent. It is not permissible to introduce evidence supporting a cause of action or defense that is not relied on in the pleading. Kearney v. City of Covington, 1 Metc. 339. The parties have the right to look to and be governed by the pleadings in preparing their case, and are not required to anticipate that during the trial issues distinct from those relied on will be asserted. Nor should instruction No. 3 have been given. The instruction should conform to and

follow the pleadings. An instruction is not authorized upon an issue not made or presented in the pleadings. The principle herein announced is fully supported by the analogous doctrine laid down in L. & N. R. Co. v. Dickey, 104 S. W. 329, 31 Ky. Law Rep. 894; Maysville & Big Sandy R. Co. v. Willis (decided Oct. 31, 1907), 104 S. W. 1016; C., N. O. & T. P. Ry. Co. v. Crabtree, 100 S. W. 318, 30 Ky. Law Rep. 1000.

We do not deem it necessary to consider elaborately the other assignments of error relied on for reversal. Serious complaint is made of improper argument of counsel for appellee, but it is not probable that the objectionable remarks will be repeated on another trial. The weight of the testimony upon the question that the premises and appliances were reasonably safe is with the appellant, and its contention that appellee was guilty of such contributory negligence as would defeat a recovery is strongly supported; but we are not prepared to say that there was not sufficient evidence to take the case to the jury and to sustain a verdict. Upon a return of the case the appellee may, if he desires, amend his petition, and, of course, the appellant may answer it.

For the error mentioned, the judgment is reversed, with directions for a new trial consistent with this opinion.