## Palmer's Administratrix v. Empire Coal Company.

(Decided January 13, 1914.)

## Appeal from Christian Circuit Court.

1. Negligence—Pleading.—While negligence may be pleaded in general terms, yet where plaintiff specifies the negligence on which he relies, his recovery is limited to such negligence.
2. Trial—Pleading.—It is error either to hear evidence or submit a case on a cause of action or defense not relied on in the pleadings.
3. Pleading—Evidence—Trial.—In an action for damages for the death of a coal miner caused by falling slate, under an allegation of the failure of the defendant itself to prop the roof where decedent was working, and of its failure to furnish decedent a reasonably safe place to work, evidence of defendant's failure to furnish decedent sufficient props and caps to support the roof was not admissible; and where this issue was submitted to the jury, the trial court properly granted a new trial.
4. Mines—Provisions of Statute—May Not Be Changed by Custom. —The provisions of the statute relating to mines may not be changed by custom so as to impose on the mine owner liability by reason of such custom, when, as a matter of fact, the statute itself is not complied with.
5. Customs and Usages—Repugnancy to Statutes.—A custom or usage contrary to the express provisions of a statute is void; and where there is a conflict between the custom or usage and a statutory regulation, the statutory regulation must control.
6. Master and Servant—Mines—Injury to Miner—Failure of Miner to Comply with Provisions of Statute—Custom of Mine.—Where a miner failed to comply with the provisions of the statute in selecting and marking props, his administratrix cannot recover damages for his death, caused by falling slate, on the theory that the custom of the mine did not require him to select and mark the props.

DOUGLAS BELL and TRIMBLE & BELL for appellant.

GORDON, GORDON & COX for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Empire Coal & Coke Company, a Delaware corporation, owns certain mines at Empire, Kentucky, which are leased by the Empire Coal Company, a Tennessee corporation. Isom Palmer, a miner in the employ of the Empire Coal Company, was killed by falling slate. His administratrix brought this action to recover damages

for his death. On the first trial the jury returned a verdict in favor of plaintiff against the Empire Coal Company for $1,250. A peremptory instruction was given in favor of the Empire Coal & Coke Company. Subsequently a new trial was granted. On the second trial the court directed a verdict in favor of the Empire Coal Company. Plaintiff appeals.

It is insisted that a new trial was improperly granted and that the case should be remanded with directions to enter judgment on the verdict for $1,250, rendered at the first trial. It is also insisted that the court erred in directing a verdict in favor of the defendant on the last trial.

In her original petition plaintiff based her right to recover on gross carelessness and negligence of the defendants in failing to properly support and prop up the roof of the mine at the place where plaintiff's decedent was engaged at work. Subsequently plaintiff amended her petition and based her right to recover on the failure of defendants to furnish her decedent a reasonably safe place to work.

It developed on the first trial that the decedent had been employed in the mine for a period of about 26 years, and was a miner of skill and experience. He was engaged in shooting and picking down the coal and loading it on cars. It was his duty to prop the roof with timber or props furnished him by the defendant. During the progress of the case the trial court permitted plaintiff to prove, over the objection of the defendant, that the decedent had requested the foreman of the mine to furnish him props and the foreman had promised, but failed to do so.

The only ground on which the case was submitted to the jury was the failure of the defendant to furnish decedent at his working place a sufficient number of caps and props to keep the roof secure, though this ground of recovery was not relied on in either the original or the amended petition.

After the new trial was granted, plaintiff filed a second amended petition, pleading, in substance, a failure on the part of the defendant, the Empire Coal Company, to furnish decedent a sufficient number of props and caps to properly protect and support the roof of his working place, although decedent had selected and marked a sufficient number of props and caps for that purpose.

On the second trial plaintiff showed that her decedent had requested props, and that the mine foreman had promised to furnish them. Plaintiff failed to show that the decedent had selected and marked any props. To overcome the effect of this failure on his part plaintiff sought to show that under the custom of the mine in question it was not the duty of the miner to select and mark his props, but merely to request the foreman to furnish props, which he would always do upon request.

Section 2739b, Kentucky Statutes, provides as follows:

"Caps and Props to be Supplied to Miners. Each owner, lessee or operator of every mine to which the mining laws of the State apply, shall provide and furnish to the miners employed in said mine a sufficient number of caps and props, said props to be sawed square at each end, to be used by said miners in securing the roof in their rooms, and at such other working places where by law or custom of those usually engaged in such employment it is the duty of said miners to keep the roof propped, after the miner has selected and worked the same."

(1) As before stated, the only grounds for negligence relied on in the original and first amended petition were the failure of the defendant to prop the roof of decedent's working place and its failure to furnish him a reasonably safe place to work. While it is well settled that negligence may be pleaded in general terms, yet it is equally well settled that where the plaintiff specifies the negligence on which he relies, his recovery is limited to such negligence. Gaines v. Johnson, 133 Ky., 507, 105 S. W., 381; Lexington R. Co. v. Britton, 130 Ky., 676, 114 S. W., 295. This is not a case where evidence on an issue not made by the pleadings was heard without objection, and the case submitted to the jury on that issue. It is a case where defendant, in every possible way, objected to the introduction of evidence tending to show that it failed to furnish props, the objections being based on the ground that no such issue was presented by the pleadings. It has been ruled that a recovery cannot be had for defective appliances under an averment that the premises were unsafe. It has also been held that where the petition charges a failure to furnish reasonably safe appliances, a recovery cannot be had for a failure to warn or instruct. Gaines v. John-

son, *supra.* Under an allegation of a failure to furnish reasonably safe appliances and a reasonably safe place to work a recovery cannot be had for a failure to keep a promise to repair. Burch v. Louisville Car Wheel & Ry. Supply Co., 146 Ky., 272, 142 S. W., 414. Indeed, it is the general rule that it is error either to hear evidence or submit a case on a cause of action or defense not relied on in the pleadings. Kearney v. City of Covington, 1 Metc., 339. The reason for the rule is that the parties have the right to look to and be governed by the pleadings in preparing the case, and are not required to anticipate that during the trial issues distinct from those relied on will be asserted. We, therefore, conclude that under an allegation of the failure of the defendant itself to prop the roof where decedent was working, and of its failure to furnish decedent a reasonably safe place to work, evidence of defendant's failure to furnish decedent sufficient props and caps to support the roof was not admissible, and for the same reason this issue should not have been submitted to the jury. It follows, therefore, that the trial court did not err in granting defendant a new trial.

(2) In her second amended petition plaintiff based her case solely on a violation by defendant of the provisions of Section 2739b, Kentucky Statutes, above set out. We think it perfectly clear that the word "worked" in the concluding sentence of the above section is a clerical error, and should be "marked." Old Diamond Coal Co. v Denney, 160 Ky., 554. It is equally clear that the words "the same" refer to caps and props. A miner is in a position to know what character of props he needs. The purpose of marking them is to indicate where they should be taken. As before stated, plaintiff did not show that the decedent had selected and marked any props. In other words, he did not comply with the provisions of the statute. The question, then, is: May the provisions of the statute be changed by custom and liability imposed on the mine owner by reason of such custom, when, as a matter of fact, the statute itself is not complied with? Here it is sought to recover under a statute by pleading a custom inconsistent therewith. Were we to uphold plaintiff's contention, every case like this would depend, not on the statute which the legislature saw fit to enact, but on the custom of the particular mine, and the rules of law applicable would vary according to the particular cir-

cumstances of each case. The very purpose of the statute was to do away with this uncertain condition, and prescribe with reasonable certainty the duties and liabilities of the miner and mine owner. It is a general rule of law that a custom or usage contrary to the express provisions of a statute is void, and when there is a conflict between the custom or usage and a statutory regulation, the statutory regulation must control. 12 Cyc., 1054. While the duties and liabilities of the miner and of the mine owner may sometimes depend upon the custom of the mine, where there is no statute covering the subject (Old Diamond Coal Co. v. Denney, *supra*), we take it that where a statute speaks on the subject the terms of the statute cannot be modified by custom. Consolidated Coal & Mining Co. v. Floyd, 25 L. R. A., 848, 38 N. E., 310. If the rule were otherwise, it should be applied not only in favor of the miner, but in favor of the mine owner. Suppose, under the custom of a particular mine, it was the duty of the miner to furnish props and caps, could it be reasonably contended that such a custom would relieve the mine owner from his statutory duty? We think not. For the same reason the miner himself should not be relieved by custom from his statutory duty. The only safe way is to have a uniform rule on the subject and to hold that in every case where the statute speaks it alone should control, and not the varying and changing custom of each particular mine. Since the statute imposes upon the mine owner the duty of furnishing caps and props only after the miner has selected and marked the same, and as there was no evidence tending to show that the decedent selected and marked any props, and as any custom of the mine contrary to the provisions of the statute is void, it follows that the trial court properly directed a verdict in favor of the defendant.

Judgment affirmed.