## Peerless Coal Company v. Copenhaver.

(Decided June 2, 1915.)

### Appeal from Whitley Circuit Court.

1. Master and Servant—Personal Injuries—Mines and Mining—Contributory Negligence—Assumption of Risk—Instructions.—Though general instructions on contributory negligence and assumed risk are given, it is error to refuse an offered instruction grouping facts constituting contributory negligence or assumed risk, where such an instruction is necessary to present defendant's side of the case, and without such an instruction the jury might conclude that the facts relied on did not constitute contributory negligence or assumed risk.

2. Master and Servant—Mines and Mining—Instructions—Error.— In an action by a miner to recover damages for personal injuries caused by falling slate, it was error to refuse an offered instruction, presenting the defense of his failure of duty to sound the roof and take down the slate if he found it loose, where this defense was pleaded and there was evidence tending to show that the conditions were such that it was not his duty to prop but to sound the roof and take down the slate if he found it loose.

3. Master and Servant—Mines—Section 2739b Kentucky Statutes (1909).—Though Section 2739b Kentucky Statutes (1909) imposes on a mine owner the duty of furnishing props and caps only after

the miner has selected and marked the same, and any custom of the mine with reference to requesting the props and caps contrary to the statute is void, yet, if a mine owner fails to supply props and caps at a place in the mine, or within a reasonable distance therefrom, so that they can be conveniently reached by the miner, a mere request of the miner to furnish props and caps will be sufficient to impose on the mine owner the duty of furnishing them.

P. D. BLACK and BLACK, BLACK & OWENS for appellant.

ROSE & POPE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for personal injuries plaintiff, Thomas Copenhaver, recovered of the defendant, Peerless Coal Company, a judgment for $1,500.00. The coal company appeals.

At the time of the injury plaintiff was a coal digger and was working in Room No. 6 of defendant's mine. He had had several years' experience as a miner, but had been working in defendant's mine only a few months. In mining the coal he used a pick. The room in which he was at work had been extended about sixty feet and the roof was propped up to within four feet of the face of the coal. Plaintiff was injured by a small piece of slate falling from the roof and breaking the bones in his right leg a few inches above the ankle. He was within about two and one-half feet of the face of the coal when the slate fell. Nobody but plaintiff was present at the time of the injury, which occurred about two o'clock on Monday, March 9th, 1914. He claims that the coal had been mined from beneath the roof on the Thursday preceding the accident. The mine was not in operation either on Friday or Saturday. It is by no means clear from plaintiff's evidence what he was doing at the time of the accident. He first stated that he was sitting down with his left leg under him and his right leg extended out in front of him, with his face within about two and one-half feet of the coal, digging with his pick in the coal, when the slate fell. Later on in his testimony he states that when the slate fell he was preparing to shovel up some coal that had already been dug. Just after the accident he stated to several persons who came into the room that he was fixing to set a prop, but the prop didn't fit because of a rough place in the top. He then took the prop

down and caught hold of his pick to knock the rough place off. The slate then fell on his leg. Plaintiff further testified that on Thursday preceding the accident he asked Creekmore, the assistant foreman, for props, and that on the morning of the accident he made the same, request of Surgener, the foreman, and of Creekmore. His testimony also shows that there were three props in the room where he was at work, but they were not of the proper length, and that there were no props at any convenient place which he could select and mark for his room. Other witnesses corroborate him on these points. In addition to the foregoing facts, he states that the place was one which he could, and would, have propped, and which, under the direction of the foreman, and according to the custom of the mine, he was required to prop. He admits, however, that if there was any loose slate which could not be securely propped, it was his duty to take it down. He says that some time before the accident he tested the roof with his pick and the slate sounded loose. However, he did not know that it was dangerous. Witness had no recollection of having told anyone that he was setting a prop at the time of the injury.

According to the evidence for defendant, the foreman had not only directed plaintiff to take down the loose slate, but this was his duty under the custom of the mine. For this work the miner was paid by the hour. The foreman denies that any request for props was made of him. He and other witnesses say that props were located at convenient places and it was the duty of plaintiff to select and mark these props, when they would be delivered by the motorman. Creekmore, however, admits that on the morning of the accident plaintiff requested props of him, but told him they would not be needed until the next day. He was sent by the company to a point about 1,500 feet distant and got the props. He had told plaintiff he would mark them for him. Other witnesses testified to having been present in plaintiff's room on the morning of the accident and to discussing with plaintiff the fact that the slate was loose and that the roof was bad.

The chief error relied on is the failure of the trial court to give the following instruction offered by defendant:

"If you believe from the evidence plaintiff removed the coal from under the slate which afterwards fell on and injured his leg, thereby taking from under said slate its natural support, and thereafter and before said slate so fell, he tested it and ascertained that it was loose, and you also believe from the evidence that it was the duty of plaintiff, under the contract he had with defendant company, to take down such loose slate, but that he went under said slate, and while under it, it fell on and injured him, you ought to find for defendant company."

There is conflict in the evidence as to whether it was the duty of plaintiff to prop the roof at the place of the injury or to sound the roof and take down the slate if he found it loose. Manifestly, if the conditions were such that it was his duty to prop the roof, and he would have propped it if props had been furnished, and the company, after he had taken proper steps to secure the props, failed to furnish them, and by reason of its failure he was injured, he was entitled to recover, unless the danger from lack of props was so obvious and imminent that an ordinarily prudent person would not have worked under the circumstances. Low v. Clear Creek Coal Company, 140 Ky., 758. On the other hand, if, under the existing conditions, it was not his duty to prop the roof, but his duty to sound the roof and take down the slate if he found it loose, and he did sound the roof and found it loose, but failed to take down the slate, he was not entitled to recover. It is true that in a number of cases we have held, under the particular facts, that general instructions on contributory negligence or assumed risk were sufficient, and that it was not prejudicial error to refuse a concrete instruction grouping the facts constituting such a defense. On the other hand, we have held in a number of cases that the refusal of an offered concrete instruction was prejudicial error, where such an instruction was necessary to present defendant's side of the case and where without such an instruction the jury might conclude that the facts relied on did not constitute contributory negligence or assumed risk. L. & N. v. King's Admr., 131 Ky., 356; Johnson v. Westerfield Admr., 143 Ky., 18; L. & N. R. Co. v. Shoemake's Admr., 161 Ky., 746. In the present case, not only a concrete instruction was offered, but the defense therein presented was actually pleaded and sustained by the introduction of evidence. The trial

court gave no instruction presenting to the jury plaintiff's duty with reference to the overhanging slate, if the conditions were such as to make it impracticable to prop the roof. Without such an instruction the jury might have concluded that the facts relied on were not sufficient to constitute contributory negligence or assumption of risk, and general instructions on this subject were not, therefore, sufficient to present defendant's side of the case. It was prejudicial error, therefore, not to give an instruction presenting, in substance, the defense covered by the offered instruction. On another trial the court will tell the jury, in substance, that if they believe from the evidence that the conditions in plaintiff's working place were such that it was not his duty to prop the roof, but his duty to sound the roof and take down the slate if he found it loose, and he did sound the roof and found it loose, but failed to take the slate down, and by reason thereof he was injured, they should find for the defendant.

There is another phase of this case which we deem it necessary to discuss. The injury occurred on March 9th, 1914, while Section 2739-b, Kentucky Statutes (1909), was in force. In construing this statute we have held that the duty of a mine owner to furnish props and caps to the miner arises only after the miner has selected and marked same, and that the statutory duty thus imposed on the miner cannot be abrogated by a custom of merely requesting props and caps. Palmer's Admx. v. Empire Coal Co., 162 Ky., 130. In that case, however, it clearly appeared that the mine owner had furnished props and caps at a place readily accessible to the miner. Where this is the case, then the miner cannot rely on a refusal to furnish props unless he has selected and marked them. However, if the mine owner does not supply props at a place in the mine, or within a reasonable distance therefrom, so that they can be conveniently reached by the miner, the miner is not required to select and mark the props, but a mere request of the miner will be sufficient to impose on the owner the duty of furnishing props. On the next trial the court will amend its instructions so as to conform to the views herein announced.

Judgment reversed and cause remanded for a new trial consistent with this opinion.