# Thacker, Administrator v. Shelby Coal Mining Company.

(Decided October 16, 1917.)

## Appeal from Pike Circuit Court.

1. **Master and Servant—Mine Props—Trial—Questions for Jury.—** In an action for damages for the death of an employe, who, while drawing pillars in a mine, was struck by falling slate, there being evidence that the accident was due to the failure of the defendant to supply props in the mine, or within a reasonable distance therefrom, as required by section 2739b, subsection 7, Kentucky Statutes (Ed. 1909), the question was for the jury.

2. **Master and Servant—Contributory Negligence—Question for Jury.** —In an action for damages for the death of a miner, due to falling slate, where there was evidence that the deceased, before going under the slate to remove the coal, tested the slate and was also assured by his helper, an experienced miner, that it was safe to go under it, the question of his contributory negligence was for the jury.

3. **Master and Servant—Mine Props—Pleadings.—** In an action for damages for the death of a miner due to failure of the operator to furnish props, an allegation of the petition that the defendant negligently failed to furnish props and violated its statutory duty in reference thereto, while not as specific as it should be, includes the duty of providing as well as furnishing props, and is sufficient to charge violation of duty to furnish props as imposed upon defendant by section 2739b, subsection 7, Kentucky Statutes (Ed. 1909).

ROSCOE VANOVER and E. J. PICKELSIMER for appellant.

J. J. MOORE and J. R. JOHNSON, JR., for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On October 6, 1913, appellant's intestate, Robert Thacker, an experienced miner, was engaged in drawing pillars, otherwise known as "robbing the mine," in the mine of appellee in Pike county, Kentucky, which work is recognized as probably the most dangerous work connected with mining industry. While so engaged, and after some eighteen or twenty feet had been removed from a pillar about fifty feet long by fifteen feet in width, he was killed by a piece of parting slate, about six feet long, three feet wide and fourteen or fifteen inches thick, which fell upon him.

To recover for his death, appellant as administrator filed this action against appellee, alleging that it resulted

from appellee's negligence in failing to furnish decedent, upon request, necessary props. Denying its failure to furnish props, appellee, as additional defenses, pleaded contributory negligence and assumed risk, which pleas, by agreement, were traversed of record. At the conclusion of all the evidence, the defendant's motion for a directed verdict was sustained and the petition dismissed. Plaintiff appeals.

The evidence proves that the coal in this mine consists of two layers, the lower one being about twenty-seven inches and the upper layer about sixteen inches thick, between which is a layer of slate called "parting slate," about sixteen inches thick; that the proper and customary way to mine this coal is to bore holes into the lower layer from four to seven feet, shoot it down and remove the coal under the parting slate, then shoot down the parting slate and upper seam of coal, load out the coal from the top of the slate and then "gob" the slate; that is, move it to one side out of the way; that the accident complained of occurred about eight o'clock in the morning about thirty minutes after deceased and his "buddy," Blackburn, had fired the shot in the lower seam, and while deceased was removing the coal from under the parting slate. About five minutes before the accident, and before going in under the slate to knock down and get out the loosened coal, which was the proper and customary way of removing it, deceased sounded the slate a time or two with his pick and said to Blackburn, also an experienced miner, "Is there any danger of that slate?" and Blackburn replied, "I don't think so." Blackburn also testified that it was customary and proper, after shooting down the lower seam, and before going under the parting slate, to support the slate with timbers of the proper length; that he had requested the superintendent, or bank boss, upon each of two or three mornings just previous to the accident, to furnish props, and that on the morning of the accident he and deceased sent a request by Harvey Thacker, the cart driver, to the bank boss for props; that, upon his next trip into the mine, the driver reported that there were no props the proper length, but the boss would have some cut and send them in on the next trip, but that the accident happened before the driver made another trip, and there were no props of a suitable length in the mine where they were working. Harvey Thacker gives substantially the same testimony, and Mr. Wilson, the bank boss, did not

deny the request for, and his promise to furnish, the props, but said he had no recollection of any such conversation with Harvey Thacker. Plaintiff's proof shows that there were no props of proper length for use under the parting slate about the mine and that it was customary, when such were needed, for the bank boss to saw them the requested length, and this is partially corroborated by the testimony for the defendant, although contradicted in part; and there is much proof that such props as were provided by defendant were kept in an inaccessible place, half way down an incline, 1,000 or 1,200 feet long, which was located some 300 feet from the mouth of the mine.

The law in reference to furnishing props, in force at the time of this accident, section 2739b, subsection 7, Kentucky Statutes, 1909 Edition, which has since been amended, provided that the duty of the operator to furnish props was dependent upon the miner having first selected and marked the props he desired from a supply to be maintained by the operator in the mine or within a reasonable distance therefrom, and, under numerous decisions of this court, of which Sneed & McGuire Co. v. Legere, 168 Ky. 3, relied upon by appellee, is an example, the miner could not recover because of the operator's failure to furnish the props, unless he had previously selected and marked such as he needed, where a supply was provided by the mine operator; but, under another line of cases, of which Peerless Coal Co. v. Copenhaver, 165 Ky. 199, is an example, it is held that:

"However, if the mine owner does not supply props at a place in the mine or within a reasonable distance therefrom, so that they can be conveniently reached by the miner, the miner is not required to select and mark the props, but a request of the miner will be sufficient to impose on the owner the duty of furnishing props."

Clearly, the evidence here brings this case within the latter class of cases, and it is not to be controlled by the former class. Hence, the action of the lower court in sustaining the motion for a peremptory instruction cannot be upheld upon the failure of the deceased to select and mark the props needed, because there was proof that defendant had not supplied props at a place in the mine, or within a reasonable distance therefrom, and that the accident resulted from this failure. Whether or not this alleged negligence upon the part of the defendant existed and was, as insisted by appellant, the

proximate cause of the accident, or whether deceased was guilty of contributory negligence, as insisted by appellee, in going under the slate without the props, were questions of fact for the jury.   Interstate Coal Co. v. Trivett, 155 Ky. 825; Low v. Clear Creek Coal Co., 140 Ky. 758.

The contention of appellee that the danger of going under the parting slate without props was so imminent and obvious that no person of ordinary prudence would have undertaken it is not sustained by the evidence.   It is proved that, before going under the slate, deceased in a proper manner examined and tested the slate in Blackburn's presence, and that, in the judgment of Blackburn, an experienced miner, it was safe.   Presumably deceased, also an experienced miner, reached the same conclusion.   This is certainly some evidence tending to prove, at least, that the danger was neither obvious nor imminent; and it results the court erred in directing a verdict for defendant upon this evidence.

But appellee also insists that the peremptory instruction was proper because the petition was defective in failing to allege that deceased had selected and marked the needed props, which appellee contends is a condition precedent to a right to recover under the statute.   Without discussing the question of practice involved, it is sufficient to say that the petition, in our judgment, states a cause of action, although possibly not as specific as it might have been, since the failure of the company, relied upon, would have been more accurately defined, as a failure to provide rather than furnish props, but since, under the statute as construed in Peerless Coal Co. v. Copenhaver, *supra,* and other cases, the duty of selecting and marking props by the miner is dependent upon the operator having provided them in a proper place, the plaintiff was not required to allege a selection and marking, unless it was made to appear that they were provided by the defendant.   The allegations of the petition that defendant negligently failed to furnish props and violated its statutory duty in reference to furnishing props, are sufficient to cover every necessary step in furnishing them and necessarily included the prior duty of providing them, for, if defendant did not even provide them, it did not, of course, furnish them.

Wherefore, the judgment is reversed and the cause remanded for a new trial not inconsistent herewith.