## Stearns Coal & Lumber Company v. Gaines.

(Decided October 30, 1917.)

### Appeal from McCreary Circuit Court.

1. Trial—Pleading—Evidence—Instructions.—When objection is made thereto, the admission of evidence and instructions to the jury, upon issues not presented by the pleadings, are prejudicial errors.
2. Trial—Evidence.—Evidence, not directed to issues presented in the pleadings, is not competent and is inadmissible.

WILLIAM WADDLE and O. H. WADDLE for appellant.

JOHN W. RAWLINGS, R. B. WADDLE, ROBERT HARDING, EMMETT PURYEAR and J. M. PERKINS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee, Robert Gaines, instituted this action against appellant, Stearns Coal & Lumber Company, and others, to recover for injuries sustained by him on June 4, 1913, from falling slate, while he was employed in removing pillars from a mine in McCreary county, alleged to be owned and operated by appellant. A verdict for $1,000.00 was returned and a judgment entered thereon in his behalf against appellant, from which judgment it prosecutes this appeal.

Plaintiff, in his petition, after alleging his employment by appellant and the other defendants, states his cause of action as follows:

"He avers that it was the duty of the defendants to prop the roof of the entries of said mine to prevent same from falling, and to have and maintain said roofs of same in a reasonably safe condition, so as to prevent same from falling upon the employes passing in and out of said mine, and using same for the purpose for which the said entries were made; and he avers that it was the defendants' duty to so maintain and have said roofs of said entries so propped that said employes could perform the duties required of them with reasonable safety to their lives and persons.

"He avers that on the —— day of June, 1913, this plaintiff was at work in said mine, under the order and by the direction of the defendants, when a portion of the roof of the entry and a portion of the roof of one of the rooms gave way, broke loose and fell upon the plaintiff, breaking his leg, foot and ankle, and injuring, bruising his legs, back and body and nerves and arms, and from

which injuries he suffered great physical pain and mental anguish, and disabled him from labor and earning money, and permanently injured him, all to his damage and injury in the sum of ten thousand dollars ($10,-000.00), and he avers that his injuries and damage aforesaid were due to and caused by the gross negligence of the defendants in ordering and directing him to be in the place, and to perform the work in which he was engaged at the time said roof fell upon him, and the gross negligence of the defendants in failing to sufficiently prop said roof in said entry and in having said roof in said entry in an unsafe, defective and dangerous condition at the time the work near to and thereunder was being done, when same fell as aforesaid and injured plaintiff.

"He avers that the defendants knew and by the use of ordinary care could have known of the defective, unsafe and dangerous condition of said roof and knew and by the use of ordinary care could have known that it was unsafe and dangerous to order and direct the plaintiff to perform the work thereunder and near same he was doing when same fell and injured him as aforesaid; and plaintiff did not know and by the use of ordinary care could not have known of the danger of obeying said order and working near to and under said roof, and did not know, and by the use of ordinary care could not have known of said unsafe, defective and dangerous condition of said roof aforesaid, or of the danger of being under and near same."

The joint and separate answers of the defendants traversed the allegations of the petition and pleaded contributory negligence.

It will be seen from the petition that the plaintiff did not plead negligence in general terms, but specified the particular negligence upon which he relied for a recovery as follows: First, that the defendants, in violation of their duty to him, failed to prop or to maintain the roof of the entries in the mine so as to make same reasonably safe for use of the employes passing into and out of the mine; and, second, that the defendants negligently ordered and directed him to perform his work in the place where the accident occurred.

There is no allegation of negligence in failing to furnish plaintiff props for his use in propping the roof of the mine in which he was performing his work, nor that

he was given assurance of the safety of the place where he was ordered to work.

Upon both these questions plaintiff was permitted, over the objection and exceptions of the defendants, to introduce evidence of negligence upon the part of the defendants; and the court, in instructing the jury, submitted, over the objection of the defendants, both these questions not presented by the pleadings, authorizing a finding for the plaintiff if, in the judgment of the jury, the proof upon either of these questions showed negligence upon the part of the defendants. The instructions also submitted the questions of negligence presented by the pleadings. So, it is impossible to tell whether the verdict of the jury was based upon the acts of negligence set out in the pleadings, or upon those acts not pleaded but presented in evidence over the objection of the defendants. This was clearly prejudicial error, because the parties have the right to look to, and be governed by, the pleadings in preparing their case and are not required to anticipate that, during the trial, issues distinct from those relied on will be asserted.

The evidence objected to was not directed to the issues presented by the pleadings and was not competent, and should not have been admitted over the objection of the defendants. This evidence having been objected to by the defendant, it was error to submit the case to the jury upon the questions thus presented in the evidence and not covered by the pleadings. The precise question was before this court in Palmer's Adm'x v. Empire Coal Co., 162 Ky. 130, where this court said:

"We, therefore, conclude that under an allegation of the failure of the defendant itself to prop the roof where decedent was working, and of its failure to furnish decedent a reasonably safe place to work, evidence of defendant's failure to furnish decedent sufficient props and caps to support the roof was not admissible, and for the same reason this issue should not have been submitted to the jury."

See also Gaines v. Johnson, 133 Ky. 506, 105 S. W. 381; Lexington R. Co. v. Britton, 130 Ky. 676, 114 S. W. 295; Burch v. Louisville Car Wheel & Ry. Supply Co., 146 Ky. 272, 142 S. W. 414; Kearney v. City of Covington, 1 Metc. 339.

The other questions presented are not considered.

Wherefore, the judgment is reversed and the cause remanded for proceedings not inconsistent herewith.