## North Jellico Coal Company v. Disney, et al.

(Decided December 15, 1914.)

### Appeal from Knox Circuit Court.

Master and Servant.—Where a servant negligently operates a motor in a mine with the trolley in front and is killed by reason of the trolley jumping from the wire and breaking against the roof of the mine, no recovery may be had for his death.

P. D. BLACK and BLACK, BLACK & OWENS for appellant.

J. M. ROBSION for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Ancil Disney was in the employment of the North Jellico Coal Company as a track man, and lost his life under the following circumstances: James Hart was the head track man. One evening, shortly before quitting time, Hart was told by the foreman that the track was spreading at the foot of Tango Hill, and he wanted him to go back after supper and put in new ties and draw the track to gauge, asking him if he could not get Ancil Disney to come back also. Hart saw Disney and told him what the foreman said, and Disney said, "All right."

After Hart got his supper, he came back and met Disney at the mouth of the mine. The place where they were to fix the track was about three-fourths of a mile from there. The company had two motors, one which was allowed to be used by the men in taking things into the mine; another larger and more powerful one, which, according to the rules of the mine, was only to be used in bringing out coal. Disney had worked in the mine about seven years; he had operated at times the small motor, but had never operated the large motor, which was always run by the regular motormen. When they reached the mine, they found the large motor standing on the track just outside the drift mouth, with some forty or forty-five empty cars coupled to it, where they had been left at the close of the day's work by the men who had used them. The smaller motor was on another track, and could not be so conveniently gotten out. They went to the track on which the large motor and empty cars were standing. Hart cut a car loose from those behind it; they loaded up on the car about twenty ties. After they got the ties loaded up, Hart went up on the right hand side and Disney went on the left hand side; Hart walked up to the switch and threw the switch; Disney got up in the motor and pulled it up three or four feet; he then stopped, changed the trolley from one wire to another which led to the mine; he pulled up twelve or fifteen feet again and changed the trolley to another wire; he then pulled something like twelve or fifteen feet, when Hart heard the trolley break, and heard Disney hollo, "Lord, Lord." Hart went up to him as quickly as he could get there, and Disney was leaning out of the motor with his right hand on the ground and his left hand on the brake-wheel. He did not speak, was badly mashed and died from his injuries. The place at which the accident occurred was narrow, the timber at the side coming very close to the cars. Disney was operating the motor with the trolley in front. The trolley jumped from the wire and struck against the roof of the mine, the pole then broke, and Disney was either hit by the pole, or, in getting out of the way of the pole, was caught between the motor and the timbers. Hart did not direct Disney to operate the motor; he got up there without any direction to do so, when Hart went to turn the switch. Disney knew that Hart knew nothing about motors. This action was brought to recover for Disney's death. On the trial, the facts we have stated

were shown by the evidence. The court overruled the defendant's motion to instruct the jury peremptorily to find for the defendant, and the case, being submitted to the jury, there was a verdict and judgment in favor of the plaintiff for $8,000. The defendant appeals.

If Disney had taken the trouble to turn the trolley behind the motor, instead of running the motor with the trolley in front, the trouble could not have occurred; for, if the trolley had been behind, and had jumped the wire, no harm would have followed; but, when it was in front and jumped the wire, it was jammed against the roof of the mine, and this caused the pole to break and brought about Disney's death. Danger so obvious was well known to the men who worked in the mine. The same trouble would have occurred with any motor under the circumstances. There was no defect in the motor. The sum of the case is, that Disney, who had operated several times the smaller motor, thought he was competent to manage the large motor, and undertook to operate it without putting the trolley behind and without any direction from Hart. Although Hart acquiesced in Disney's operating the motor, both of them were violating the well-known rule of the mine, which forbade their using this motor for such purposes; but the proximate cause of Disney's death was his operating the motor in the mine with the trolley in front. He created the danger himself, and his death was due wholly to a condition which he himself brought about.

We, therefore, conclude that the defendant is not liable, and that the court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for further proceedings consistent herewith. Whole court sitting. Judge Nunn dissenting.