## Hassett & Company v. Richardson.

(Decided March 24, 1916.)

### Appeal from Estill Circuit Court.

Master and Servant—Assumption of Risk—Peremptory Instruction.—A servant who knows that a steam shovel is being used by the master to dislodge an overhanging ledge of rock and stands near enough to be struck by the rock when it falls, assumes the risk and is not entitled to recover.

BEVERLY R. JOUETT, CLARENCE MILLER and DALLAM, FARNSLEY & MEANS for appellant.

J. J. GREENLEAF and R. W. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In this action for damages for personal injuries, plaintiff, J. M. Richardson, recovered of defendants, J. M. Hassett & Company, a verdict and judgment for $1,750.00. Defendants appeal.

The facts are as follows: Hassett & Company are contractors and were engaged in building a railroad line from Winchester to Irvine. At the time of the accident they were operating a steam shovel, which was being used to pull down the sides of a cut. The shovel was in charge of a shovel boss and craneman. Plaintiff and three or four others composed the "pit crew." It was their duty to clean away the dirt and debris that was pulled down by the shovel and to lay the track for the shovel to move on. On each side of the shovel were jack arms about six feet in length. One end of each arm was attached to the shovel about four and one-half feet from the ground and the other end rested on the ground. After the shovel had pulled down the earth and rock, it would stop working and the "pit crew" would then perform their duty. When this was done the shovel would again resume its work. In other words, the "pit

crew" had no duties to perform while the shovel was in operation. They simply stood by and awaited the call of their superior. At the time of the injury the shovel was trying to pull down a large ledge of rock located on the side of the cut about twenty feet from the bottom. Two blasts had been tried on the rock, but they failed to remove it. The "pit crew" then cleaned up the pit and the shovel was moved forward about six feet. It was then found that the dipper could reach the ledge of rock and the process of pulling was begun. Plaintiff took a position in front of the jack-arm on the left-hand side. The other members of the crew stood in close proximity to him. When the ledge of rock fell a piece of the rock struck plaintiff and severely injured his leg. The other members of the "pit crew" got out of the way and were not injured. While plaintiff had been working for defendant for several weeks, he had been engaged in the cut only six or seven days. When the accident occurred the shovel had been pulling on the ledge of rock for from seven to fifteen minutes. Plaintiff claims that he did not know that the rock would fall, and says that at the time it did fall his attention had been directed to the track in front of the shovel by the slipping out of some rock. He further claims that he did not know that the rock had been blasted. He admits, however, that he knew that the earth had been removed from beneath the rock, which projected four or five feet from the bank, and that the shovel was pulling on the rock for the purpose of causing it to fall. Plaintiff further says he was not warned of the danger or directed to stand back of the jack-arm. There was additional evidence to the effect that the usual method of removing large pieces of rock was by blasting and that the dipper had not theretofore been employed for that purpose.

The evidence for defendant shows that plaintiff was warned that the position he took in front of the jack-arm was such as to make escape practically impossible in case he saw that he was about to be struck by falling debris.

While other grounds are urged for reversal, we deem it necessary to consider only the propriety of the trial court's action in refusing to direct a verdict in favor of defendant.

The case is predicated on the failure of the defendant, to use ordinary care to furnish plaintiff a reasonably safe place to work, and on the alleged negligent manner in which the work of removing the ledge was performed.

This is not a case where the servant was injured by an unknown risk or by some unexpected act on the part of the master. Though plaintiff claims that he had turned his eyes to the track in front of the shovel and did not know that the rock was going to fall, yet he admits that he knew that the shovel had been used in excavating beneath the rock and in pulling on the rock for several minutes, and that he and other members of the "pit crew" had stopped their work and taken their respective positions because the shovel was then being used. There was no way by which the ledge of rock could have been dislodged and gently laid in the bottom of the pit. The only way to remove the rock was to dislodge it and cause it to fall. The very work in which defendant was engaged and in which the shovel was employed necessarily made the place unsafe, but only unsafe for those who remained sufficiently close to the falling debris to be struck by it. A grown man of average intelligence is bound to take notice of the ordinary laws of nature. He must know that if a sufficient force is applied by a steam shovel to an overhanging rock the rock will fall, and if it does fall, it will injure those who are near enough to be struck by it. Clearly the safe place doctrine has no application to the facts of this case. Under such circumstances the master is not charged with the duty of warning the servant of such a plain and obvious danger. The method of doing the work had nothing to do with the accident. The rock did not fall because of any negligence on the part of the master, but solely because the effort to dislodge it was successful. Not only was there no negligence on the part of defendant, but plaintiff, with full knowledge of the conditions, took a position of obvious peril and consequently assumed the risk of injury. It follows that the trial court erred in refusing the peremptory asked for by defendant.

Judgment reversed and cause remanded for a new trial consistent with this opinion.