## Carter Coal Company v. Reynolds.

### (Decided May 1, 1917.)

### Appeal from Knox Circuit Court.

1. **Master and Servant—Appliances for Work—Mines and Minerals.—** It is the duty of a mine operator to furnish props and other timbers mentioned in subsection 5 of section 2726 of Kentucky Statutes, when requested by the miner to do so, as therein provided, but if the timbers so requested and selected by the miner or his representative are furnished in compliance with that subsection, it is the duty of the miner to use them for the purposes intended, and if he should fail to so use them after being furnished, and should sustain an injury by falling slate, he cannot hold his employer liable for the injuries which he sustained, on the ground of such failure.

2. **Master and Servant—Mines and Minerals—Use of Timber for Props.—**The miner cannot excuse himself for failing to use the timber furnished solely upon the ground that in his opinion the pieces were not long enough, when he neither measured nor attempted to measure them, but relied solely upon a casual inspection of them.

3. **Master and Servant—Mines and Minerals—Injury to Miner.—**Although neither the mine foreman nor any assistant visited or

examined the working place in the mine where plaintiff was injured twice each week, as required by subsection 4 of section 2726, the mine operator cannot be held liable for an accident produced by falling slate from a place which the miner had just created by removing the coal, as such negligence for failure to visit could not and did not in any way contribute to the injury.

BLACK & OWENS and P. D. BLACK for appellant.

J. D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee obtained a judgment in the Knox circuit court against the appellant for the sum of $200.00, and the record has been filed in this court with a motion for an appeal, it being insisted that the judgment is erroneous in several particulars, but under the view which we take of the case it will be necessary to consider but one of the reasons urged, it being that of the refusal of the court to give to the jury an instruction directing it to return a verdict for the defendant made at the close of plaintiff's testimony and also at the close of all the testimony.

The plaintiff is an experienced miner, having been engaged in that work for as much as twelve years. He was working under a contract with the defendant company under the terms of which he was paid an agreed sum per ton for the amount of coal which he mined and loaded into the mining cars. He began working at the defendant's mine in April, 1914, and continued to work in the same mine room until the 18th day of July of that year when he sustained the injuries for which he sues, and which injuries were inflicted upon him by a large piece of slate falling from the roof of his mine room, it being according to the proof about twelve feet long, eight feet wide and some two or three inches thick. In carrying out his contract with the company plaintiff had employed two hands, one of whom was his brother, and the other a man by the name of Brown, and the proof is conflicting as to whether the coal under the piece of slate that fell had been blown out on that same day or the day before. The plaintiff testified that it was one or the other, but the other two witnesses say that the coal was blown out that morning. They had gotten to the mine at the usual hour for beginning work in the morning, and the accident occurred between

twelve and one o'clock p. m., while plaintiff was loading the coal which had been blasted or blown out into some cars which had been carried there for that purpose. The piece of slate which fell, extended up to and against the face of the coal as it existed after the blast had been made. It is shown that the holes bored into the face of the coal for the purpose of making the blast were between four and five feet deep, and into which dynamite or other explosives would be inserted for the purpose of making the blast. Plaintiff was caught in a trench or ditch which had been made in the blasted coal by that which he had taken up and put into the cars, the slate falling on the sides of the ditch thus made and thereby prevented the injuries plaintiff sustained from being more serious and perhaps saved his life. He suffered a strain of one of his feet and a wrench to one of his shoulders, and perhaps some other bruises upon different parts of his body.

Plaintiff's entire case is rested upon the failure of the company to provide or furnish him suitable, necessary and sufficient props after having been notified by him to do so, as is made its duty under the provisions of subsection 5 of section 2726 of the Kentucky Statutes.

By an amended petition the additional ground of complaint is made that no foreman or assistant foreman of the defendant had visited or examined the mine, or the place where plaintiff was at work, as is required by subsection 4 of the section, *supra.*

The answer contains a denial of the affirmative allegations of the petition, a plea of contributory negligence and one of assumption of risk, and with the issues made by a denial of that pleading the case went to trial, resulting in the verdict and judgment as indicated.

The accident occurred on Saturday, and the plaintiff testified that on Thursday he notified the mine foreman that he needed some props of a designated length, but he did not give the foreman the number that he needed. However, there was sent into the mine, and which were in the room where plaintiff was at work before and at the time he was hurt, a carload of timber, which, according to the testimony of plaintiff's brother and his fellow-workman, Brown, had been selected by them under the directions of plaintiff for the purpose of being used as props. After they had been sent to the mine the plaintiff declined to use them, or attempt to use

them, because he thought, from observation only, they were too short, and that they had not in fact been prepared for props but for ties to be used under the mine track. It is shown that the carload of timber which the company furnished was the same kind that plaintiff had theretofore used for props. It also appears from the testimony of his witnesses, including his brother, that such ties would necessarily have to be at least as long as the timbers requested by plaintiff. He says that he called for timbers 46 inches long, and it is shown that the mine track is three and a half feet wide with the ties projecting from either rail some three or four inches, which would make them in the neighborhood of if not quite 46 inches long. The witnesses for plaintiff also state that the timbers mentioned had been selected by them and were in the mine before and at the time of the accident.

With the evidence in this condition, showing that the timbers were suitable for the purpose, and it not being shown that they did not have sufficient strength for that purpose, we think plaintiff failed to show a violation by the company of the statute upon which he relies to charge it with negligence. Here it is shown not only that the timber which was in the mine at the time, and had been there for a considerable while, was suitable for the props, and that it had been used for that purpose, but furthermore that it was the identical timber which plaintiff's agent appointed for that purpose had selected and marked. There is no evidence showing that the timber was not suitable to be used as props except plaintiff's opinion arrived at by no test or measurement. We conclude, therefore, that the case should be treated as if the timber was such as the company was required to furnish. Under such circumstances this court has on numerous occasions held that the company would not be liable. In doing so in the case of Branson v. Clover Fork Coal Company, 157 Ky. 763, we said:

"The statute, in section 2739b, makes it the duty of the mine owner to furnish the necessary props, and the duty of the miner to set the props in place. Here the mine owner had furnished the props, but the miner had not put them in place. Under these circumstances, there is no escape from the conclusion that the accident in which Branson was injured was wholly due to the negligence of himself and his co-laborers in failing to prop,

as they should and could have done, the roof of the mine, or if not that they each assumed voluntarily the risk of working under the existing conditions."

There is yet another reason which, as we view this record, furnishes a bar to the plaintiff's right of recovery. He testified, as well as did all the other witnesses, that after making the blast of the coal such as he made in this instance, it is the duty of the miner to inspect the roof for the purpose of ascertaining its condition with reference to safety. The slate which is made loose by the blast, or which is exposed by it, is called draw slate, and after the blast which plaintiff made he examined the slate above where the coal was blasted and found some of it loose, which he pried down, but did not test that part which subsequently fell on him, except by tapping it with his knuckles. It is shown by all the proof, and indeed not otherwise contended by plaintiff, that this is a very insufficient test, and in cases where the loose slate is of the dimensions of the piece which fell, such test is entirely worthless. Equally strong is it shown that by tapping the roof with the pick or other solid substance its loosened condition could in most instances be detected. We have, then, a case where it was plaintiff's duty to make such reasonable inspections as would reveal the facts, and he failed to do so. This conduct on his part clearly shows that his negligence was the producing cause of his injury. Music's Admr. v. Northeast Coal Co., 161 Ky. 395; J. M. Hassett & Co. v. Richardson, 169 Ky. 342. The failure, if any, of the mine foreman to visit the working place of the plaintiff at least twice each week, as required by the statute, cannot have the effect under the facts of this case to establish negligence on behalf of defendant, as the place where the slate fell producing the injury complained of, had just been created, and the conditions permitting it to fall had just been made by plaintiff, and the visits of the mine foreman, if they had been made by him, could not in the least have served to prevent that particular piece of slate from falling. Clearly the foreman could not render any service, by visiting the place, looking to the prevention of the falling of slate which had never been exposed.

There being both an absence of proof of negligence on the part of defendant and positive negligence shown on the part of plaintiff, there is no escape from the con-

clusion that the court erred in declining to give the instruction offered.

The motion for the appeal is sustained and the judgment reversed with directions that if the evidence upon another trial is substantially the same as it was on this one to sustain the motion for a peremptory instruction and to proceed in accordance with this opinion.