## Crook v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided March 18, 1919.)

Appeal from Grant Circuit Court.

1. **Master and Servant—Safe Place to Work—Assumption of Risk.—** While it is the duty of the master to use ordinary care to provide his servant with a reasonably safe place to work and reason-

ably safe appliances for performing the work, he does not in-sure the servant's safety and is not liable for an injury sustained by him from a defect in the appliance furnished him for doing the work, or that may result from the danger attending its per-formance, if such defect or danger is so obvious that it must have been known to a person of ordinary intelligence situated as was the servant. In such state of case the servant assumes the ordinary risks that attend the use of the appliance or per-formance of the work.

2. Master and Servant—Assumption of Risk.—It is a well known rule that a servant assumes the risks created by the method he vol-untarily employs in performing the work required of him. As in this case the servant, a section hand, sustained the loss of a finger, while riding upon a railroad tricycle in performing a required duty, by attempting to manipulate a lever for stopping the tricycle, without looking to see where he was placing his hand, and thereby caused it to come in contact with the cog-wheels of the machine; and the danger from such contact was so open and obvious as to have been known to him, the trial court was authorized to hold as a matter of law that his injuries were caused by his own negligence and on that ground to direct the jury to return a verdict for the appellee.

3. Master and Servant—Negligence—Pleading.—Where in an action for personal injuries the petition specifies the act or acts of negligence alleged to have caused the injuries, the plaintiff can-not on the trial of his case avail himself of any other act or acts of negligence, but is confined to the specifications of the petition. So in this case after alleging in the petition that his injuries were caused by the negligence of appellee in failing to provide a cover or guard for the cogwheels of the tricycle, ap-pellant could not shift the ground of recovery by attempting to prove that appellee was negligent in permitting the use of a piece of wood near the cogwheels of the tricycle and failing to provide it with a cover or guard, and that his hand was injured by contact with·it.

B. G. MENEFEE and J. J. BLACKBURN for appellant.

A. G. DEJARNETT and F. A. HARRISON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On the trial of this action, whereby the appellant, Sidney Crook, was seeking the recovery of damages for injuries to his right hand resulting in the loss of the third finger and the bruising of another, caused, as alleged, by the negligence of the appellee, Cincinnati, New Orleans & Texas Pacific Railway Company, at the conclusion of the appellant's evidence the circuit court,

on appellee's motion, peremptorily instructed the jury to return a verdict for the latter, which was done and judgment accordingly entered. The appellant thereupon filed a motion and grounds for a new trial, which motion the court overruled, and he has appealed. The negligence complained of was the alleged failure of appellee, through its section boss, to provide appellant with a tricycle reasonably safe for use in the performance of the duty required of him, the averments of the petition setting forth the negligence being as follows:

"In attempting to take hold of the lever of the brake to stop said tricycle, his right hand was caught in said cogwheels, thereby crushing, breaking and severing the third finger of the plaintiff's right hand; and that defendant negligently failed to have said cogwheels covered or guarded and they were dangerous to persons operating said tricycle when uncovered or unguarded."

. . .

The petition then proceeds to allege that he was inexperienced in operating tricycles; that the danger from the cogwheels was at the time unknown to him but was known to the defendant; and that he was not advised by the section boss of the danger to be apprehended from the cogwheels in operating the machine.

It appears from the bill of evidence that appellant was in appellee's employ as a section hand or track repairer and had served it in that capacity for twenty years. On the day his injuries were received he and two other servants of appellee, all under the supervision of the section boss, were at their customary work of track repairing about three miles north of Mason, using at the time a motor truck, the engine of which, for some reason, failed to longer propel it, thereby rendering it necessary to push the car by hand to a nearby crossing to get it off the track out of the way of expected trains; and to protect the employes pushing the motor car from coming trains appellant was directed by the section boss to get upon the tricycle, keep in the rear of the motor car and watch the electric signal block north of him for a signal of the coming of a train. He got upon the tricycle as directed and proceeded to follow after the men pushing the motor truck, keeping such attention as he could upon the signal block behind him for a signal of the coming of a train, in doing which he discovered that he was about to run the tricycle into the

men in charge of the truck and in attempting to stop the tricycle in time to prevent such a collision reached for the lever provided for stopping it, when his hand came in contact with something that caught the finger, crushed it and otherwise injured the hand.

The only evidence introduced as to the manner in which the accident occurred was furnished by the testimony of the appellant. There were two physicians introduced as witnesses in his behalf, but the only evidence elicited from them was as to the nature and extent of his injuries. While the testimony of appellant was to the effect that he had never previously operated the tricycle in question, it and others like it had, as he admitted, been almost daily used by the section boss and his gang during the many years of appellant's connection with them. He did not testify that he had not during his long service with appellee operated another or other tricycles like the one by which he was injured; nor was he able to point out wherein the mechanism of the latter differed from that of other tricycles with which he was familiar or that had been used by the section gangs with which he had been connected while in appellee's employ. In brief, we think it fairly apparent from the appellant's own testimony that the tricycle was constructed in the customary manner; that it was not out of repair in any of its parts; that there was no exposure of its cogwheels that is not common to all such machines, or that can be remedied by a cover or guard, and that the danger from contact of the hand of the operator with the cogwheels, was and is so open and obvious as to be readily seen and understood by a person of ordinary intelligence while engaged in operating the tricycle.

Notwithstanding his duty to keep a lookout for the coming of a train appellant was not expected, nor was there in the instructions given him by the section boss, any command that required him in watching the signal block for a signal of the coming of a train, to neglect the taking of such precautions for his own safety as would be expected of an ordinarily prudent person under like or similar circumstances. Obviously, he was not required or expected to reach for and attempt to manipulate the lever for stopping the tricycle while looking at the signal block, and if he did so with the knowledge he must have had of the open and visible prox-

imity of the cogwheels to the lever and of the danger of coming in contact with them, he undertook to use the lever for stopping the tricycle without looking to see where he was placing his hand and by reason thereof it came in contact with the cogwheels and thereby caused his injuries, it would seem to follow that they resulted from his own negligence and, if so, he was not entitled to recover damages of the appellee.  It should be kept in mind that a train did not in fact come upon appellant or his fellow servants while the latter were removing the motor car from the track, therefore, there was no emergency that prevented the exercise of ordinary care on his part for his safety.  There was no claim that the section boss gave appellant any assurance that his performance of the duty required of him could be done in safety, nor did the latter object to its performance or advise the section boss of any want of experience that might make it unsafe for him to operate the tricycle, and there was no evidence whatever tending to show that the section boss had any reason to suppose appellant incapable of operating it.  While it is the duty of the master to provide his servant with a reasonably safe place to work and reasonably safe appliances for doing the work, he does not insure the safety of the servant and is not liable in damages for an injury sustained by him from defects in the appliances furnished him with which to do the work, or that may result from the danger attending its performance, if such defect or danger is so obvious that it must have been known to a person of ordinary intelligence situated as was the servant.  But there was no defect in the tricycle operated by appellant; there was no way by which a guard could have been placed about the cog-wheels and the only danger that could arise from them to the operator of the machine was so plainly visible as to be easily avoided by the exercise of ordinary care on his part.  If, therefore, appellant's injuries resulted from the negligent means employed by him to stop the tricycle, he was not entitled to recover, for it is a well known rule that a servant assumes the risks created by the method he employs in performing the work.  L. H. & St. L. Ry. Co. v. Wright, 170 Ky. 230; Fluhart Colleries Co. v. Meeks. 160 Ky. 127; Hassett & Co. v. Richardson, 169 Ky. 342; Jarboe's Admr. v. Coleman, 168 Ky. 707; North Jellico Coal Co. v. Disney, 161 Ky.

605. As, according to the evidence, appellant's injuries were caused by his own negligence in attempting to manipulate the lever for stopping the tricycle without looking to see where he was placing his hand, the verdict for the appellee was properly directed by the trial court.

But if the proof of appellant's own negligence had been less convincing, the action of the court in directing a verdict for the appellee was authorized on the ground that appellant failed to prove that his injuries resulted from the negligence of appellee alleged in the petition. As previously stated, the act of negligence charged was the failure of appellee to have the cogwheel covered or guarded. In giving his testimony appellant admitted that in attempting to grab the lever or brake to stop the car he missed it, "and something caught that finger." When asked what caught his finger he answered: "Well, I don't know whether it really was the cogs or whether it was the wooden piece about that long that works right along at the side of the car; it works backwards and forwards." When asked later in his examination to again tell the jury about his injuries he answered: "Well, I threw that hand down to catch the brake, why, there was something caught that finger; of course I didn't see what it was, but I thought at the time it was the cogwheels. But after I again looked at that car, that little wooden piece could catch a fellow's fingers and cut them off, and I don't know whether it was the wooden piece or the brake; I don't know which it was, but, anyhow, there was something that caught my finger and cut it off." His testimony throughout manifests his ignorance of the manner of receiving his injuries, further than that his finger was caught either by the cogwheels or a piece of wood, which in some way, unexplained, formed a part of the tricycle and was put in motion by its movements. The petition makes no mention of this piece of wood or complaint that its presence added in any way to the danger of operating the tricycle; nor is it therein alleged that the failure of appellee to cover or guard the wooden piece constituted negligence. Yet according to the evidence, the injuries of appellant may as reasonably be attributed to this appliance as to the cogwheels. Where in a suit for personal injuries, the plaintiff specifies the act or acts of which the alleged negligence con-

sists, he cannot, upon the trial, avail himself of any other acts of negligence, but is confined to the specifications of his petition. Burch v. Louisville Car Wheel & Ry. Supply Co., 146 Ky. 272; Lexington Railway Co. v. Britton, 130 Ky. 676; Moreland's Admr. v. Indian Refining Co., 146 Ky. 760; W. A. Gaines & Co. v. Johnson, 133 Ky. 507; Rowe v. L. & N. R. R. Co., 143 Ky. 826.

So in this case, after alleging in the petition the failure of appellee to provide a cover or guard for the cogwheels of the tricycle as the act of negligence causing his injuries, appellant could not shift the ground of recovery by proving that his injuries were also caused by the negligence of appellee in permitting the use of the piece of wood on the tricycle or in failing to cover it. We do not overlook the fact that appellant, at the conclusion of the evidence, offered to file an amended petition containing such averments as he thought would entitle him to rely upon the ground last mentioned for a recovery, but the trial court properly refused to allow the amendment to be filed, as its allegations did not conform to the proof, for there was no proof authorizing a recovery upon any such ground. The presence of the piece of wood as a part of the machine, as well as whatever danger was to be apprehended from the contact of appellant's hand with it, was just as open and obvious to him in using the machine as were the presence of the cog wheels and danger from like contact with them. Indeed, viewed with an understanding of the evidence, the new matter contained in the amended petition amounted to little more than a confession on the part of appellant that he was without actual knowledge as to the manner of receiving his injuries. It is a well known rule of law that where, on the plaintiff's own evidence, it is as probable that the injury sued for was not due to defendant's negligence as that it was due to such negligence, plaintiff cannot recover. L. & N. R. R. Co. v. Guest, Admr., 32 R. 670, 106 S. W. 817; L. H. & St. L. Ry. Co. v. Golly's Admx., 28 R. 989, 90 S. W. 977.

As the record discloses no cause for disturbing the verdict directed by the trial court, the judgment is affirmed.